AMERICAN INDEMNITY COMPANY V. ERNEST FELLBAUM, ADMINIS-
TRATOR.

No. 3602.    Decided June 28, 1924.

(263 S. W., 908).

**1.—Insurance—Indemnity—Defense of Suit by Insurer.**

An indemnity insurance company which, in pursuance of rights given it by the terms of its policy of insurance against liability for injury to another, takes charge of the adjustment of such a claim against insured and manages and contests the suit against him till the recovery of final judgment thereon, was so connected with the litigation by its interest in the result and partici- pation therein as to be bound by the judgment.   (P. 132).

**2.—Same—Payment of Judgment by Insured—Waiver.**

An indemnity company insuring one against liability for injury to others contracted to settle or defend any such suit against insured, who was for- bidden to incur any expense or make any settlement save by written consent of insurer. It so took charge of negotiations for settlement, and of the de- fense of a suit against insured on their failure. Insured died while suit was pending and judgment was rendered against his administrator, was filed as a claim against his estate, and allowed, but not yet paid. The administrator sued the insurer for the amount thereof. *Held* that, having agreed unquali- fiedly to settle or defend the action (manifestly to defend successfully) the insurer, by assuming, under the right given it, the whole control of such settlement or defense, waived the terms of another provision in its policy that no action should lie against it except for loss "sustained and paid in satisfaction of a final judgment," and was liable though the administrator had not yet paid it.   (Pp. 130-132).

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

Fellbaum, as administrator of M. D. Carr, deceased, sued the American Indemnity Co., and recovered judgment, which was affirmed (225 S. W., 873) on appeal by defendant, and it obtained writ of error thereon. The case was referred to the Commission of Appeals, which recommended its reversal and rendition in favor of plaintiff in error; but the Supreme Court subsequently withdrew the case from the Commission, and determined it themselves other- wise.

*Arnold & Cosby,* for plaintiff in error.—The court erred in holding that, by appearing and taking complete charge of the defense of the suit against Carr and his administrator, under the terms of the policy, the Insurance Company thereby agreed to pay any judgment rendered in said suit under $5,000.00, and Clause 'L' and the portions of the policy requiring a payment of the judgment before the Insurance Company became liable have no application when the company thus takes charge of the litigation to the exclusion of the insured, and said portions of the policy were waived.   Owens v. Jackson 217 S. W., 762; S. W. Surety Ins. Co. v. Thompson, 180 S. W., 947, 951; Connolly v. Bolster (Mass.) 72 N. E., 981; Finley v. Casualty Co., 113 Tenn. 592; Stenbom v. Brown Corliss, 137 Wis. 564; Cushman v. Carbonale Fuel Co., 122 Iowa, 656; Allen v. Aetna, 145 Fed., 881, 7 L. R. A. (N. S.) 958; Maryland Casualty v. Omaha. 157 Fed., 514; Travelers Ins. Co. v. Moses, (N. J.) 49 Atl., 720; Frye v. Bath Gas Co., 97 Me., 241; O'Connell v. N. Y., etc., R. R. (Mass.) 72 N. E., 979; Scheuerman v. Mathison (Oregon) 144 Pac., 1177; Riner v. S. W. Surety Ins. Co., 165 Pac., 684: Carter v. Aetna, 76 Kan., 275; Ford v. Aetna, 70 Wash., 29; Curtis & Gartside v. Aetna (Okla.) 160 Pac., 465; McBride v. Aetna (Ark.) 191 S. W., 5; Fidelity Co. v. Martin (Ky.) 173 S. W., 307; Atlas Co. v. Georgia Life (Tenn.) 167 S. W., 109; Poe v. Philadelphia Co. (Md.) 84 Atl., 476;

*McAskill & Mauermann, Perry J. Lewis, H. C. Carter, Champe G. Carter,* and *Randolph L. Carter,* for defendant in error.

In order to give validity to the stipulation giving the company complete and exclusive control of all proceedings for settlement and litigation, the court must hold that the company assumes the duty of paying the judgment rendered, and that the "No Action" clause has no application when the company assumes exclusive control of the litigation.   Patterson v. Adan, 119 Minn., 308, 138 N. W., 281; Sanders v. Frankfort Ins. Co., 72 N. H., 485, 57 Atl., 655; Davis v. Maryland Cas. Co., (Wash.) 154 Pac., 1116; Maryland Cas. Co. v. Peppard, (Okla.) 157 Pac., 106.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

On September 27, 1915, and prior thereto, M. D. Carr, now deceased, was a contractor engaged in constructing a bridge in San Antonio.   In the prosecution of this work he negligently made a deep excavation at one end of the bridge, and on the date named Miss Douglas Stough, while walking along the avenue where the bridge was being constructed, fell into the excavation and suffered injuries, for which she brought suit against M. D. Carr.   Prior to the date of the accident the American Indemnity Company had prepared, executed and issued to M. D. Carr, for a valuable consideration, a

certain policy of insurance indemnifying Carr against accidents and injuries of like kind and character as the accident and injury to Miss Douglas Stough. The policy limited the liability of the Indemnity Company to $5,000 on account of any accident to any one person. This policy was in existence and in full force and effect at the time of the accident named. Due notice of the accident was given to the Company. The Indemnity Company conducted negotiations for the settlement of Miss Douglas Stough's claim against Carr, but no settlement was ever made. A suit against Carr was filed February 25, 1916, and he was served with citation, and notice of the suit was sent to the American Indemnity Company. The American Indemnity Company appeared in answer to the suit against M. D. Carr. Subsequent to the filing of the suit, and before the case was tried, Carr died. Ernest Fellbaum, after certain proceedings not necessary to be discussed, became the administrator of his estate. On October 21, 1916, an amended petition was filed in the original suit, setting up the death of Carr, and impleading Fellbaum, the administrator, and praying judgment against him for $20,000 damages. This suit was pursued, and on March 3, 1917, Miss Douglas Stough recovered a judgment against Fellbaum, as administrator of the estate of Carr, for the sum of $4,000, with six per cent per annum interest from the date of the judgment until paid, and all costs of the court. The Indemnity Company, through its attorneys, appeared and conducted the defense in said cause for said Carr and for said administrator, and had complete charge of the defense. No appeal was taken from the judgment, and it became final. On March 12, 1917, the claim of Miss Douglas Stough, based on this judgment, was filed with Fellbaum, the administrator, and allowed by him as a valid claim against the estate. A certified copy of the judgment was thereupon duly filed in the administration proceedings which were pending in Travis County, and the claim duly noted on the Claim Docket. The allowance of the claim was approved and classified by the Probate Judge.

Certain other matters are shown with reference to this claim, but for the purpose of this opinion it is not necessary to notice them.

The policy issued by the American Indemnity Company contained, among other provisions, the following:

## "THIS INSURANCE IS SUBJECT TO THE FOLLOWING CONDITIONS:

"Limits.    A. The Company's liability on account of an accident to one person is limited to Five Thousand and no/100 dollars ($5000.00); and, subject to the same limit for each person, the Company's total liability for an accident to more than one person is limited to Ten Thousand and no/100 dollars ($10,000.00).

114 Tex. Sup.—9.

"Reporting Accidents. B. Upon the occurrence of an accident the Assured shall give to the Company, or to its duly authorized agent, immediate written notice thereof, with the fullest and most accurate information obtainable; and the Company, at its own expense, will make such investigation as it may deem necessary.

"Reporting Claims. If a claim is made on account of an accident, the Assured shall give like notice thereof; and the Company, at its own expense, will settle or contest the same.

"Reporting Suits. If a suit is brought on account of an accident, the Assured shall forward immediately to the Company, or to its duly authorized agent, every process and paper served on him. The Company, at its own expense, will settle or defend said suit whether groundless or not; the moneys expended in said defense shall not be included in the limits of the liability fixed under this policy. The Assured shall not assume any liability, nor interfere with any negotiation for settlement or any legal proceeding, nor incur any expense nor settle any claim except at his own cost, without the written consent of the Company.

"Co-operation of assured. C. The Assured shall render to the Company at all times all co-operation and assistance in his power.

    \*        \*        \*        \*        \*        \*

"Right of Recovery. L. No action shall lie against the Company for any loss or expense under this policy unless it shall be brought for loss or expense actually sustained and paid in satisfaction of a final judgment, within ninety days from the date of said judgment and after trial of the issue."

The Indemnity Company not having paid the administrator the amount of judgment recovered by Miss Douglas Stough against him, the administrator brought this suit against the Indemnity Company. One of the defenses, and the only one necessary to be here considered. was predicated upon Subdivision "L" above quoted, and, briefly stated, was that since the administrator had not actually paid the Miss Douglas Stough judgment, the Company was not due the administrator anything on the policy.

The trial court rendered judgment for the administrator. This judgment was affirmed by the Court of Civil Appeals. 225 S. W., 873.

We think the particular defense named above, to the effect that the administrator had not paid the Miss Douglas Stough judgment, without merit. In this case the Indemnity Company had taken charge of the adjustment of the original claim of Miss Douglas Stough; had had charge of the litigation, and managed the suit, contesting the same until final judgment was rendered. This the Company had the right to do under Subdivision "B" of the policy, quoted above. Under this subdivision the Company expressly agreed that when a claim was made on account of an accident covered by the policy, the Company would at its own expense settle

or contest the same, or "will settle or defend said suit whether groundless or not."

The insistence of the Company is that Clause "L", quoted above, must be read into and dominate and control the rights of the parties as defined and set forth in Subdivision "B". We do not think so. It is to be noted that in Subdivision "B" the Company stated that it would settle or defend any suit whether groundless or not. The agreement of the Company to "defend" the suit is in the same paragraph, clause, and sentence with the word "settle".

In Subdivision "B" the agreement of the Company to settle or defend is absolute and unqualified. If the purpose of the contracting parties was to state that the Company would settle provided the assured would first pay out his own money in settlement of any claim against him, or that the Company would defend a suit provided that ultimately and finally the defendant would first pay any judgment which might be the result of its failure to successfully defend, and that then the Company would pay,—the expression of such a purpose undoubtedly would have been placed in Subdivision "B" in connection with its unqualified obligation to settle or defend.

Under Subdivision "B" the Company has undertaken to set forth its obligation to the assured and to prescribe those things necessary to be done by the assured to make mature and effective the obligation of the Company. The assured is required to give the Company notice of the accident leading to a claim for damages' with full and accurate information' with the privilege on the part of the Company to make still further investigation if it deems it necessary. The assured is required to give notice of all claims predicated upon any accident. When these things have been done, then the obligation arises for the Company to either settle or contest the same. The policy then provides that if suit is brought, the assured must forward to the Company every process and paper served on him, and the Company agrees then, at its own expense, to either settle or defend the suit, whether groundless or not. It is provided that the money expended in the defense shall not be included in the limits of the liability fixed under the policy. However, the assured can not assume any liability or interfere with any negotiations for settlement or any legal proceedings, nor incur any expense, nor settle any claim, except at his own cost, without the written consent of the Company. In other words, the effect of it is to turn the defense of the case against the assured completely over to the Indemnity Company. The Company undertakes to relieve the assured of all trouble with reference to the matter, and undoubtedly of all liability for the suit, to the extent of the limit specified in the policy, The Company's obligation is manifestly to defend successfully, not imperfectly nor unsuccessfully, else its obligation is to settle. It is true that the provision does not say that if the Indemnity Company fails in its

defense, and judgment is rendered against the assured, it will pay the judgment; but we believe that this was the purpose and intention of the parties when the contract was made.

It appears to us that the judgment obtained in the suit of Miss Douglas Stough against the administrator may have been binding under the general rule on the Indemnity Company. In other words, that the Indemnity Company, in so far as making that judgment conclusive, was a party to that suit. It had a right to make the defense, control the proceedings, examine and cross-examine the witnesses; and though not technically a party, it was so connected with the litigation by its interest in the result and by its active participation that it is bound by the judgment. 15 R. C. L., §§481, 483. The authority cited in the last section named states:

"The courts look beyond the nominal parties, and treat all those whose interests are involved in the litigation and who conduct and control the action or defense as real parties, and hold them concluded by any judgment which may be rendered, as for example those who employ counsel in the case, assume the active management of the proceeding or defense, or who pay the costs and do such other things as are generally done by parties. In other words, by participating in the proceedings one is estopped by the judgment as to any questions actually litigated and decided therein."

See also Joyce on Insurance (2d ed.), Vol. 4, §2800, pages 4812 and 4813.

While the authorities are in conflict, we think the best considered cases hold that the Indemnity Company, by entering upon the defense of the Miss Douglas Stough suit, waived the provisions of Clause "L", or, as it is commonly called, the "no action clause." Patterson v. Adan and Philadelphia Casualty Co., 119 Minn., 308, 48 L. R. A. (N. S.), 184, 138 N. W., 281; Sanders v. Frankfort Marine, etc. Ins. Co., 72 N. H., 485, 57 Atl., 655; Davies v. Maryland Casualty Co., 89 Wash. 571, 154 Pac., 1116. It is unnecessary to quote from these cases, since they are directly in point and available.

Time does not permit us to discuss the line of cases holding to the contrary. We have read and considered them, and reached the conclusion that the cases cited are not only grounded on better reasoning than those to the contrary, but that they are more in accord with common sense and justice.

We conclude that the provisions of Clause "L" in the insurance policy have no application where the Company exercises the right given it under Subdivision "B" to take over the defense of the case. The provisions of Clause "L" are inconsistent with the obligation assumed by Company, under the circumstances of this case, in Subdivision "B" to settle or defend the suit.

It is unnecessary to consider other questions in the case, since the one discussed disposes of and controls the cause.

From the foregoing it follows that we are of the opinion that the judgments of the District Court and the Court of Civil Appeals should be affirmed, and it is so ordered.

*Affirmed.*