## AUTOMOBILE UNDERWRITERS' INS. CO. v. MURRAH.

### No. 10832.

Court of Civil Appeals of Texas. Dallas.

May 23, 1931.

Rehearing Denied June 20, 1931.

R. G. Storey, of Dallas, for appellant.

Henry P. Edwards and Willis & Madden, all of Dallas, for appellee.

JONES, C. J.

In this suit appellee J. B. Murrah, by statutory garnishment proceedings, sought to have applied to a judgment he had recovered theretofore against C. E. Adair, an indebtedness alleged to be due Adair by appellant, the Automobile Underwriters' Insurance Company. The trial of the garnishment proceedings in a district court of Dallas county resulted in a judgment in favor of appellee against appellant, as garnishee, in the sum of $5,000 as principal, and $375 as accrued interest. From this judgment, appellant has duly perfected an appeal. The facts necessary to a consideration of the questions raised are as follows:

C. E. Adair was the owner of a truck line in the city of Dallas and operated a number of trucks for service to the public. The Automobile Underwriters of America, on March 11, 1926, issued to Adair indemnity insurance for the purpose of insuring him against damages he might suffer, by reason of accidental injuries to others, while his trucks were being operated on the public highways. While this policy was in force, appellee received serious and permanent injuries caused by a collision of his automobile with one of Adair's trucks, driven by an employee. Appellee instituted suit in a district court of Dallas county against Adair to recover the damages alleged to have been suffered through the negligence of the driver of Adair's truck. While this suit was pending, the Automobile Underwriters of America was absorbed by appellant and, under the terms of the contract between the two companies, appellant became liable for all obligations to Adair under the policy forming the basis of this garnishment suit.

The policy of insurance gave to appellee the right to take exclusive control of the suit instituted by Murrah against Adair, and the sole right to compromise the claim of Murrah, if it desired so to do. The policy also contained a provision, to the effect that, if a collision or any other character of injury resulted while the truck was being operated by a driver when under the influence of intoxicating liquor, or when the truck was being operated in violation of law, no liability existed in favor of Adair. Therefore, under the terms of the policy, if the driver of Adair's truck at the time of the collision was

under the influence of intoxicating liquor, or if the truck was being operated in violation of law, no obligation rested on appellant in favor of Adair, unless appellant waived such defensive provisions of the policy, or by its conduct estopped itself from asserting them. The policy in question also contained a clause, to the effect that no suit could be maintained on the policy, except by Adair himself, and that he could maintain no such suit unless he had paid the judgment that had been awarded against him in favor of the injured party. The maximum liability of appellant on the policy is $5,000 for the injury of a single person.

The policy required Adair to aid in every way that appellant would consider necessary in the investigation, preparation, and trial of the case. The trial court found as a fact that Adair performed all duties resting upon him in this respect, and such finding, being clearly supported by the evidence, is made the finding of this court. All of the terms of the policy in reference to notice and other conditions to make the insurer liable were performed by Adair, so that the only defenses urged were the conditions of the policy above stated. When the suit was instituted by appellee against Adair, the Automobile Underwriters of America exercised its right to take exclusive control of the litigation, and to employ its own attorneys to conduct Adair's defense. When such company was taken over by appellant pending the suit, it also took exclusive control of the litigation, and employed another firm of attorneys to represent it and to conduct the litigation in behalf of Adair. In each instance, exclusive control of the suit was taken without any character of reservation as to the right to assert against Adair the defenses of intoxication of the driver, or of the operation of the truck at an unlawful rate of speed.

The original petition in the Murrah-Adair suit was very general in its allegations of negligence, and did not specifically charge intoxication on the part of the driver of Adair's truck, nor did it charge that the truck was being operated at an unlawful rate of speed. On May 18, 1928, after appellant had taken exclusive management of Adair's defense, appellee filed an amended petition, in which, among other grounds of negligence, it alleged that, on the occasion of the collision between appellee's car and Adair's truck, the driver of the truck was under the influence of intoxicating liquor, and also that the driver was operating the truck at a rate of speed in excess of the limit fixed by law. The case went to trial in the district court on October 18, 1928, five months after the filing of this amended petition.

Appellant's secretary-treasurer, C. Perry, and its attorneys of record, knew of these charges against Adair's truck driver from the date of the filing of the amended petition; that is, for a period of five months before the case was tried. Notwithstanding this knowledge, appellant continued in exclusive control of Adair's defense to the suit, conducted the trial in his behalf, cross-examined all witnesses, including those who testified that Adair's truck driver was intoxicated at the time of the collision, and filed two motions for a new trial, before asserting any right under said clauses of the policy, and withdrawing from the case. During this time, appellant made no reservations to Adair in reference to its liability on the policy, in the event the issue as to the said grounds of negligence should be decided adversely to Adair, until nearly two months after the verdict of the jury on these two contested issues. The verdict of the jury in the suit of Murrah against Adair was returned October 23, 1928, and contained findings to the effect, that Adair's driver was guilty of negligence in driving the truck while in a state of intoxication, and was also guilty of negligence in operating the truck at a greater rate of speed than was permitted by law, and that each of these negligent acts was a proximate cause of the injury to Murrah. On November 24, 1928, judgment was rendered on the findings of the jury in favor of Murrah against Adair in the sum of $13,500.

Until December 20, 1928, Adair gave no direction to the attorneys employed by appellant in reference to the management or control of the case, and whatever action was taken by the attorneys, previous to said date, was taken under their employment by appellant, to whom they looked alone for direction as to the management of the case, and to whom they were alone responsible. These attorneys, without request or direction from Adair, on October 30, 1928, filed an original motion for a new trial in said cause, and on December 4, 1928, without any direction from Adair, filed an amended motion for a new trial. On December 19, 1928, subsequent to the filing of the above motions, a letter was written by appellant to Adair, in which appellant, in effect, denied liability to Adair under the policy, because of the verdict of the jury establishing the fact that the driver of the truck, at the time of the collision in question, was intoxicated, and that they would henceforth exercise no control over the case, but would leave its further disposition in his hands. This letter was signed "Automobile Underwriters Insurance Company, C. Perry, Secretary-Treasurer."

On December 20, 1928, Adair wrote to the attorneys who had theretofore conducted the litigation in his behalf at the instance of appellant, informed them of appellant's then attitude, and requested them to continue to represent him in the litigation, and in performance of this request the attorneys filed,

on December 22, 1928, another motion for a new trial. No contract of employment was entered into between the parties, and these motions for a new trial were overruled by operation of law. The case was never appealed, and the judgment in favor of appellee became final.

The pleadings of the parties in this suit present the following issues: (a) Did appellant become unconditionally indebted to Adair to the amount of the indemnity insurance by reason of the fact that, in the suit against Adair, it assumed exclusive control of such litigation without reserving to itself any right to assert the said defensive clauses in the indemnity policy, in the event the controverted issues of the intoxication of the driver of the offending truck, and its operation at a greater speed than allowed by law, should be decided adversely to Adair, appellant having full knowledge that these issues were in the case long before trial; (b) if it be determined that such unconditional indebtedness to Adair exists, is appellant subject to garnishment by appellee to satisfy the judgment against Adair?

The trial court decided these issues favorably to appellee and filed very complete findings of fact, which sustains the judgment rendered. While these findings of fact were duly excepted to by appellant, on the ground that they are not supported by evidence, we are of opinion that such exceptions cannot be sustained, and that the evidence amply warrants the findings. These findings are adopted as the findings of this court.

C. Perry, secretary-treasurer of appellant, had full control for his company of the litigation against Adair, and on what we conceive to be the paramount issue in the case, he testified that he "had full knowledge and information that the plaintiff (appellee) was alleging and contending, and had set forth in his pleadings that the driver, Hopkins, was under the influence of intoxicating liquor at the time of the accident. At no time prior to the returning of the jury verdict in the case of Murrah against Adair did the Automobile Underwriters Insurance Company deny liability to Mr. Adair or reserve the right to deny liability to Adair if Murrah's contention that the driver of the truck was exceeding the speed limit or under the influence of intoxicating liquor was proven true. * * * I did not deny liability then, but at that time I had knowledge that the plaintiff was contending that the driver was drunk."

This evidence brings the instant case clearly within the case of American Indemnity Co. v. Fellbaum, 114 Tex. 127, 263 S. W. 908, 37 A. L. R. 633, decided by our Supreme Court, the opinion being written by Chief Justice Cureton. This opinion is so comprehensive and complete as to all the issues of this case that we shall not attempt to enlarge upon the reasoning in that case, but simply hold that it is decisive of the case at bar, in that, it decides all of the main issues of this case adversely to appellant.

We therefore conclude that when appellant, with full knowledge of the issues to be tried in the suit against Adair, took exclusive control and management of Adair's defense in such suit, introduced all of the evidence that was before the court on such defense, filed all of the pleadings that were filed for Adair, examined and cross-examined all witnesses, it thereby waived the defensive clauses in the policy of insurance and admitted an unconditional indebtedness of $5,000 in favor of Adair, and became unconditionally indebted to Adair in that amount. All assignments of error in respect to such issues are overruled.

Appellant contends that the court erred in not rendering judgment for its attorney's fee claimed in its answer and shown by the evidence to be the sum of $500. We overrule this contention. Article 4100, R. C. S., allows a reasonable attorney fee where the garnishee is discharged on its answer. In the instant case, appellee was not discharged on its answer, but denied liability to Adair in any amount. Having taken this position and thereby becoming an active litigant in the case, it is not entitled to the attorney's fee. The case of Zimmerman Land & Irrig. Co. v. Rooney M. Co. (Tex. Civ. App.) 195 S. W. 201, holds that a garnishee is not entitled to attorney's fee where it erroneously denied its indebtedness. See, also, the following authorities: R. S. 1925, art. 4100; Zimmerman Land, etc., Co. v. Rooney Merc. Co. (Tex. Civ. App.) 195 S. W. 201; Moursund v. Priess, 84 Tex. 554, 19 S. W. 775; Presnall v. Bank (Tex. Civ. App.) 151 S. W. 873; Patterson v. Seeton, 19 Tex. Civ. App. 430, 47 S. W. 732; Reid v. Walsh (Tex. Civ. App.) 63 S. W. 940.

We have carefully examined all assignments of error, with the result that we have concluded that none of them present reversible error, and are of opinion that the judgment of the trial court should be affirmed.

Affirmed.