**FERRIS et ux. v. SOUTHERN UNDER-WRITERS.**

No. 8584.

Court of Civil Appeals of Texas. Austin.

Aug. 4, 1937.

Rehearing Denied Oct. 4, 1937.

· Polk Shelton & Emmett Shelton and Everett L. Looney, all of Austin, for appellants.

Battaile, Burr & Holliday, of Houston, for appellee.

BLAIR, Justice.

Appellants, R. Q. Ferris and his wife, Cora Ferris, sued appellee, the Southern Underwriters, to recover the sum of $2,-500 on a certain automobile contract or policy of insurance issued by appellee to G. A. Carter. The trial to the court without a jury resulted in judgment for appellee.

The agreed facts showed that the automobile contract or policy of insurance was procured by Carter for the purpose of complying with the city ordinance and to obtain a license or permit to operate his taxicabs for hire within the city of Austin. It described a certain automobile owned by Carter, which was being operated on December 10, 1934, by an employee of Carter, who ran it into or against George W. Ferris, a son of appellants, inflicting personal injuries from which he died. Shortly after his death appellants sued Carter and recovered judgment of $4,300. Appellee, through its attorney, appeared and defended said suit. The judgment became final, and appellants demanded payment of both Carter and appellee, but no part of it was paid. No execution was issued against Carter because he was notoriously insolvent.

The pertinent portions of the ordinance of the city of Austin regulating the operation and use of automobiles engaged in the business of carrying passengers for hire within the city, and providing that before any license issue to such automobile operator he must furnish a bond or policy of insurance, reads as follows:

"* * * that the holder of the license * * * shall pay to the City Manager of the City of Austin * * * for the benefit of any judgment creditor who has been injured * * * through negligent operation of such automobile * * * or will pay directly to any judgment creditor who has been injured * * * any amount or amounts of money that shall have been awarded by final judgment * * * against such licensee on account of such injury, not exceeding for bodily injury to any one person the sum of $2,500.00. * * * The said bond or policy shall provide that each such cause of action shall survive in case of death of the injured person for the benefit of the heirs and beneficiaries of such person. * * *

"The term 'judgment creditor' shall mean any person, firm, or corporation who has procured a final judgment in a court of competent jurisdiction against a licensee hereunder for property damages and/or for personal injuries by reason of the negligent operation of the automobile engaged in the business of carrying passengers for hire under the provisions of this ordinance within the city of Austin."

The coverage clause of the bond contract or policy of insurance furnished by Carter in compliance with this city ordinance reads as follows: "Coverage A—Bodily Injury. Against direct loss by reason of the liability imposed upon the Assured by law for damages by reason of the ownership, maintenance or use of the automobile or automobiles described in Item 4 of the Schedule of Warranties (including loading or unloading thereof) to an amount not exceeding the limits hereinafter stated, if such claims for damages are made on account of bodily injuries or death accidentally suffered, or alleged to have been suffered, by any person or persons as the result of an accident occurring while this policy is in force."

The indorsement attached to the bond or policy, made under compulsion of the ordinance, provides: "Notwithstanding any printed provisions of this policy to the contrary, and this endorsement will repeal any such conflicting provision, this policy is intended that The Southern Underwriters will pay directly to any judgment creditor, who has been injured, or whose property has been damaged * * * through the negligent operation of the automobile herein described, by the assured * * * any amount * * * of money * * * awarded to such person or persons by final judgment * * * against such licensee and assured on account of any such injury or injuries, not exceeding for bodily injury to any one person the sum of $2500.-00 * * *; and that each cause of action shall survive, in case of the death of the injured person for the benefit of the heirs and beneficiaries of such person * * * The term 'judgment creditor' as used in this endorsement shall mean any person * * * who has procured a final judgment * * * against the licensee and assured hereunder for damages or personal injuries and/or for property damaged by reason of the negligent operation of the automobile herein described. * * *"

Appellants brought this suit seeking to recover the amount of the bond or contract liability upon two grounds, as follows: (1) Because appellants were judgment creditors, and the automobile contract or policy of insurance covered "bodily injury" resulting in death, and obligated appellee to pay to any "judgment creditor," as defined, the amount awarded by final judgment on account of any injury or damages inflicted by the negligent operation of the automobile by the assured; (2) because in assuming the defense of the suit

brought by appellants against the assured, G. A. Carter, without reservation of right or nonwaiver agreement, the appellee insurer became liable for the judgment to the extent of the policy obligation, even though the policy or contract did not cover damages for death resulting from injuries.

By its answer and on the trial, appellee urged the following defenses, which the trial court sustained: (1) That the automobile contract sued upon is by its terms strictly an indemnity contract indemnifying the assured against loss, and affords no right of action to any party other than the assured named, except to those who are entitled to sue as a "judgment creditor," as defined in the contract; (2) that appellants were not such a "judgment creditor," because the policy did not cover damages for personal injuries resulting in death; (3) that, since appellants had no right of action on the automobile contract, appellee did not become liable on such contract by appearing and defending through its attorney the suit brought by appellants against G. A. Carter, the assured.

■ The trial court erred in sustaining each of the defenses urged by appellee. The bond or contract was executed under compulsion of the city ordinance, and it inured to the benefit of the general public as well as to the assured named. In the case of Grasso v. Motor Freight Lines, 125 Tex. 154, 81 S.W.(2d) 482, 484, 486, the Supreme Court, in construing the nature and extent of the bond or policy of insurance required of motor bus or truck operators under sections 11 and 13 of article 911a, Vernon's Ann.Civ.St., held as follows: "It is clear to us that these bonds were intended for the protection of the general public as well as the motor owners. This must be true, because, if the bond is for the protection of the owner or insured alone, then one of the principal purposes that the Legislature undoubtedly attempted to accomplish, the protection of the public, has failed. We therefore hold that the bonds provided by sections 11 and 13 inure to the benefit of the general public as well as the motor owners, but that such liability, in so far as the issues of this case are concerned, does not arise until there is a judgment against the owner."

■ Under this decision the bond or contract sued upon is a contract of indemnity against liability for damages rather than a simple contract of indemnity against damages; that is, appellants

being the parties to whom the benefit inured, their right of action arose against appellee on the bond or contract when they obtained their final judgment against Carter for damages based upon negligent operation of the automobile covered by the bond or contract. It is also clear that the obligation of appellee was one of liability against damages, because the ordinance of the city, and the bond executed in pursuance thereto, in certain terms authorized or required appellee to "pay directly to any judgment creditor," after final judgment against the assured named, the amount of the contract liability. And it is also manifest that appellee erroneously contended, and the trial court erroneously concluded, that the bond or contract is one of indemnity only and imposed no liability upon appellee until the assured, Carter, had actually paid the judgment against him in favor of appellants.

■ The trial court also erroneously concluded that appellants were not a "judgment creditor," as defined, because the bond or contract did not cover bodily injuries resulting in death.

The city ordinance having provided that the bond or contract required of taxicab operators shall cover injuries, and that the "cause of action shall survive, in case of the death of the injured person, for the benefit of the heirs and beneficiaries of such person," and the bond or contract having by express terms imposed liability upon appellee "for damages * * * on account of bodily injuries or death accidentally suffered," and having provided that appellee would pay "directly to any judgment creditor * * * who has procured a final judgment" against the assured for damages resulting from the negligent operation of the automobile covered, and appellants having recovered such a judgment against the assured for injuries resulting in the death of their minor son, they are a "judgment creditor" within the meaning of that term as defined in the ordinance and the bond or contract sued upon, and they are entitled to recover the resulting damages from appellee to the extent of the bond or contract obligation. There could have been no reason for providing in the city ordinance that the cause of action for personal injuries would survive the death of the injured person in favor of his heirs and beneficiaries, or for the bond or contract providing for liability for damages resulting from bodily injuries

or accidental death, if it were intended to limit recovery only to the party actually injured. Nor does the term "judgment creditor" as used in the ordinance and bond or contract so limit recovery. The ordinance defined a "judgment creditor" as "any * * * person who has procured a final judgment * * * against a licensee * * * for property damages and/or for personal injuries, by reason of the negligent operation of the automobile" by licensee. The bond or contract defined such "judgment creditor" as "any person * * * who has procured a final judgment * * * against the licensee and assured hereunder for damages or personal injuries," etc. Under these definitions of a "judgment creditor", when construed in connection with the coverage clause and the purpose of the ordinance in requiring the bond or contract for the benefit of the public generally, the bond or contract necessarily covers damages "on account of bodily injuries or death accidentally suffered." If this last-quoted provision does authorize or fix liability of injuries resulting in death, which it obviously does, and the provision defining a "judgment creditor" as only the one injured, as contended by appellee, then there is an apparent conflict between the two provisions, which renders the bond or contract ambiguous and uncertain, and calls, therefore, for the application of the rule that where two interpretations equally fair may be given, that which gives the greater indemnity will prevail.

■ The trial court also erred in holding that appellee did not become liable on such bond or contract by appearing and defending through its attorney the suit brought by appellants. The bond or contract obligated appellee to defend such suit. The agreed facts showed that appellee, through its attorney, "appeared and defended such suit." The rule is settled in this state that "a defense by the insurer, in an action on the policy, that a certain claimed liability is not within the policy terms, is waived when it assumes absolute control, under the terms of its contract with insured, of the action brought against the insured to recover damages." American Indem. Co. v. Fellbaum (Tex.Civ. App.) 225 S.W. 873, 874, affirmed in 114 Tex. 127, 263 S.W. 908, 37 A.L.R. 633. Or, as is said in 11 Am. & Eng. Enc. Law (2d Ed.) p. 13, "where the insurer undertakes the defense of the action by the injured party against the insured, with full information as to the character of the injury, it will be deemed to have waived the point that such injury was not one which would have entitled the insured to recovery." Automobile Underwriters' Ins. Co. v. Murrah (Tex.Civ.App.) 40 S.W. (2d) 233; Dallas Coffee & Tea Co. v. Williams (Tex.Civ.App.) 45 S.W.(2d) 724; Leap v. Braziel (Tex.Civ.App.) 93 S.W. (2d) 1213; 41 A.L.R. 523; and 81 A.L.R. 1326.

The judgment of the trial court is reversed and judgment is here rendered for appellants against appellee for the sum of $2,500, together with interest at 6 per cent. from the date of appellants' judgment against Carter, the assured, until the date of this judgment, which shall bear interest at the rate of 6 per cent. until paid; and for all costs of court.

Reversed and rendered.