**HIGHWAY INSURANCE UNDERWRITERS, Appellant,**

**v.**

**Howard Vernon GRIFFITH, Appellee.**

No. 10395.

Court of Civil Appeals of Texas.

Austin.

May 9, 1956.

Rehearing Denied May 30, 1956.

Dyess & Dyess, Houston, for appellant.

Eugene Nelson, Austin, Luther F. Hardin, Rosenberg, Smith & Lehman, Houston, for appellee.

ARCHER, Chief Justice.

This is a garnishment suit. Howard Vernon Griffith, appellee, was involved in an accident wherein he received personal injuries on or about June 12, 1951. Thereafter Civil Action No. 33,444, styled "Howard Vernon Griffith v. Smith & Conklin Brothers," was instituted in the District Court of Brazoria County, Texas. At the time of such accident Highway Insurance Underwriters, appellant herein, had in force and effect, in behalf of said Smith & Conklin Brothers, an automobile policy No. AA–08–32587 in limits of $50,000/$100,000/$5,000, and a General Liability Policy No. GL–09–32965 in limits of $25,000/$50,000, for bodily injury and property damage liability.

Trial before a jury was had on said personal injury suit, resulting in a verdict for the plaintiff, Howard Vernon Griffith, in the amount of $75,000, of which sum Highway Insurance Underwriters paid $50,000 and Smith & Conklin Brothers paid $1,000, leaving a balance unpaid of $24,000.

Thereafter the plaintiff, Howard Vernon Griffith, brought Civil Action No. 99,823, styled "Howard Vernon Griffith v. Highway Insurance Underwriters," on the docket of the District Court of Travis County, Texas, which is the garnishment proceeding being here appealed from. In such action the plaintiff, Howard Vernon Griffith, alleged that Highway Insurance Underwriters owed Smith & Conklin Brothers the sum of $24,000 by virtue of the General Liability Policy of insurance hereinabove referred to.

Trial upon the merits, before a jury, resulted in a verdict for the plaintiff, Griffith, for the sum of $24,000. Defendant-Garnishee's Motion for Judgment non obstante veredicto was overruled and judgment for $24,000 was entered for the plaintiff on July 20, 1955.

The appeal is before this Court on three points assigned as error and are that the trial court erred in failing to sustain appellant's motion for instructed verdict, filed after appellee rested, after both sides had rested and in failing to sustain appellant's motion for judgment non obstante veredicto as to special issue No. 1 and upon the verdict as to special issue No. 2; in sustaining appellee's motion for judgment upon the verdict as to special issue No. 1, and in setting aside the verdict as to special issue No. 2, and in entering judgment; and in sustaining appellee's motion under Rule 167, Texas Rules of Civil Procedure, directing appellant to produce certain letters, statements, reports, etc., for inspection and copying by appellee.

Appellee was injured on June 12, 1951. Smith & Conklin Brothers had sent a truck with its operators to a rig site of a drilling company to assist in dismantling the rig

and while engaged in such operation, appellee fell off the derrick floor and was injured.

When appellant's employees returned they advised P. R. Smith that a guy fell off the derrick floor while they were working on the job.

Some 10 months later attorneys for appellee wrote to Smith & Conklin Brothers concerning the accident. Subsequently on April 22, 1952, Smith & Conklin Brothers wrote appellant and enclosed the letter they had received. Burt, one of Smith & Conklin Brothers' employees, knew of the accident when it happened and knew that his employers were involved.

P. R. Smith testified that he assumed from what Burt told him that his firm was not involved.

■ We believe that the insurer became liable under its Liability Policy as a matter of law and that in entering upon an investigation of the accident, in discussing settlement with attorneys for claimant, in employing legal counsel and entering upon the defense by filing answer, all of which were done without having first reserved its rights, if any, to deny liability under its policy, insurer waived its rights to rely on the defense of breach of notice provision of its liability insurance policies. American Ind. Co. v. Fellbaum, 114 Tex. 127, 263 S.W. 908, 37 A.L.R. 633; Automobile Underwriters Ins. Co. v. Long, Tex.Com.App., 63 S.W.2d 356; Automobile Underwriters Ins. Co. v. Murrah, Tex.Civ.App., 40 S.W. 2d 233, er. ref.; Ferris v. Southern Underwriters, Tex.Civ.App., 109 S.W.2d 223, er. ref.

■ We believe that the pleadings and the evidence raised a fact issue for the jury that Smith & Conklin Brothers gave written notice of the accident as soon as practicable and the jury's verdict finds reasonable support in the record.

The accident occurred on June 12, 1951, and Smith & Conklin Brothers did not know that they were involved, or that any claim was being made against them until April 17, 1952, which was the date they received a letter from attorneys for Griffith. Upon receipt of this letter P. R. Smith telephoned the Houston office of appellant, then Mr. Prewitt, an employee or adjuster for appellant, on April 22, 1952, prepared a letter for Smith & Conklin Brothers to appellant giving written notice of the accident and claim. After receipt of this letter appellant began an investigation of the facts surrounding the accident.

There was a question in the mind of Mr. Prewitt at the time he prepared the letter as to the reason for delay in giving notice of the accident, which he discussed with Mr. Smith. On April 30, 1952, Mr. Prewitt telephoned an attorney for claimant inquiring about a settlement of the claim. Mr. Prewitt continued to investigate the claim and made reports to appellant continuing through May 14, 1952, in which liability for the claim was denied. Appellant was aware of the fact that the accident took place more than 10 months prior to its first notice of such accident and knew of the excuse of Smith & Conklin Brothers for their delay in giving notice of the accident and then knew of its rights and could have preserved them by securing a nonwaiver agreement, but did not do so and instead entered into an investigation and defense of the suit.

Suit was filed and citation delivered to appellant and then turned over to counsel for appellant on May 22, 1952.

Further investigation was made by Mr. Prewitt.

On May 31, 1952, an answer on behalf of Smith & Conklin Brothers was filed by attorneys employed by appellant.

On June 3, 1952, appellant sought to obtain a reservation or nonwaiver agreement with Smith & Conklin Brothers who were not advised that appellant was denying liability under their policies until after final judgment in the Supreme Court.

P. R. Smith testified that on June 3, 1952, when Mr. Prewitt came to get the nonwaiver agreement signed that he did not know what it meant but Mr. Prewitt told him to sign it, that it was just a mere matter of formality.

By its answer to special issue No. 1 the jury found that Smith & Conklin Brothers gave written notice of the accident to Highway Insurance Underwriters as soon as practicable and this fact issue was one for the jury. General Accident Fire & Life Assur. Corp. v. Butler's Ice Cream Factory, Inc., Tex.Com.App., 5 S.W.2d 976.

There was no error in refusing the defendant an instructed verdict, since the evidence must be considered most favorable to the plaintiff, the plaintiff being entitled to all reasonable inferences arising from the evidence, and all evidence in favor of the defendant must be disregarded. Najera v. Great Atlantic & Pacific Tea Co., 146 Tex. 367, 207 S.W.2d 365, and cases therein cited.

We do not believe that the trial court was in error in disregarding the jury's answer to special issue No. 2 and in entering judgment on the answer to special issue No. 1.

Special Issue No. 1 is as follows:

"Do you find from a preponderance of the evidence that Smith & Conklin Bros. gave written notice of the accident of Howard Vernon Griffith to Highway Insurance Underwriters as soon as practicable under the circumstances?

"Answer: Yes."

Special Issue No. 2 is as follows:

"Do you find from a preponderance of the evidence that the course of conduct of Highway Insurance Underwriters in the handling of the claim and suit of Howard Vernon Griffith vs. Smith & Conklin Brothers prior to June 3, 1952, constituted a waiver of the policy provision that Smith & Conklin Brothers give notice of the accident to Highway Insurance Underwriters as soon as practicable of the accident in question?

"Answer: No."

The language of the policy obligated appellant to defend suits against its insured and the insurance company is bound in good faith to perform its obligation and may not insist on the insured signing away his rights as a condition precedent to the performance of this duty. American Fidelity & Cas. Co. v. Williams, Tex.Civ.App., 34 S.W.2d 396, er. ref., and cases cited; Home Ind. Co. v. Williamson, 5 Cir., 183 F.2d 572.

Nonwaiver agreements are strictly construed against the insurer and liberally in favor of the insured. Highway Insurance Underwriters v. J. H. Robinson Truck Lines, Tex.Civ.App., 272 S.W.2d 904, err. ref., n.r.e.

There was no error in granting plaintiff's motion for discovery, such being within the sound discretion of the trial court.

This suit is based on the refusal of appellant to pay the balance of a judgment for damages rendered against its insureds, Smith & Conklin Brothers, on October 22, 1952, under appellant's general liability on Policy No. GL–09–32965.

The deposition of H. H. Prewitt, an agent of appellant, in January 1955 in which Mr. Prewitt admitted making an investigation of the accident and of taking statements to determine how the accident occurred and that there were reports made and interoffice correspondence between himself and the Home Office of appellant concerning the Griffith claim. Mr. Prewitt refused to permit an inspection of the instruments or copies to be made.

All of the statements and instruments which were ordered produced were made prior to October 22, 1952, the date of the occurrence of the transaction upon which the suit is based, are, therefore not within the provisions of Rule 167, T.R.C.P.

These instruments were relevant to show the intention and construction placed by appellant on its contract of liability insurance before any liability under its policy had attached by reason of the judgment against its insureds, Smith & Conklin Brothers. Rule 737, T.R.C.P.; Hastings

Oil Co. v. Texas Co., 149 Tex. 416, 234 S.W. 2d 389.

The judgment of the trial court is affirmed.

Affirmed.