**LLOYDS ALLIANCE, Appellant,**

v.

**UNION BUS LINES, INC., Appellee.**

No. 10735.

Court of Civil Appeals of Texas.

Austin.

Feb. 24, 1960.

Rehearing Denied March 16, 1960.

**464**

Evans & Williams, San Antonio, William G. Washington, Austin, for appellant.

Rankin & Cherry, Edinburg, Dan Felts, Austin, for appellee.

ARCHER, Chief Justice.

This is an appeal from a judgment of the 126th District Court of Travis County, Texas, granting Union Bus Lines, Inc., appellee's motion for summary judgment in a cause in which Union Bus Lines, Inc. was plaintiff and Lloyds Alliance, appellant, was garnishee, and Virgil Cumba was defendant in judgment in the main case out of which the writ of garnishment was applied for.

Lloyds Alliance was the insurer of public liability and property damage insurance on a truck owned by R. T. Ezzell and Virgil Cumba, an employee of Ezzell, while operating the truck with Ezzell's permission which collided with a bus owned by Union Bus Lines, Inc. in Jourdanton, Atascosa County, Texas, on September 9, 1949.

The Union Bus Lines, Inc., appellee, sued Cumba in the 81st District Court of Atascosa County. Lloyds Alliance, appellant, employed an attorney to represent Cumba and he is the attorney in this appeal.

Cumba filed a plea of privilege which was overruled and this action was affirmed on appeal. Cumba v. Union Bus Lines, Inc., Tex.Civ.App., 229 S.W.2d 176.

The cause on its merits was tried on September 17, 1951, and Cumba was represented by the attorney employed by Lloyds Alliance. Announcements of ready were made by both parties, no motion for continuance was filed, and judgment was rendered for the appellee against Cumba for $2,038.80, with interest and costs, in which notice of appeal was given but the appeal was not perfected and the judgment became final.

Upon application for writ of garnishment by appellee, both appellant and appellee filed motions for summary judgment.

In appellee's motion the existence of the judgment was alleged and the pleadings, request for admissions and response thereto were referred to, and that there was an absence of a genuine issue as to any mate-

rial fact. The supporting affidavit sets out the judgment and recited the filing and disposition of the plea of privilege and the trial on the merits, and of admissions and of effort to locate Virgil Cumba.

The appellant filed its motion for a summary judgment stating that there was no genuine issue as to any material fact and recited the issuance of an insurance policy to Ezzell, of the accident involving Cumba and the filing of the suit. The motion further stated that Cumba had refused and failed to attend the trial in which Cumba was a defendant, and had violated the conditions of the policy with respect to co-operation, and therefore could not recover against Lloyds Alliance and that appellee being in the same situation as Cumba cannot recover. All of the pleadings on file were made a part of the motion.

An affidavit by Mr. Evans set out his employment by Cumba to file a suit against Union Bus Lines, Inc. for personal injuries as a result of the collision out of which the litigation arose and that Cumba forwarded the citation served on him to Lloyds Alliance, and of the subsequent employment by Lloyds Alliance of affiant to represent Ezzell and Cumba, defendants; that pleas of privilege were filed by affiant and that the plea of Ezzell was sustained and that of Cumba overruled; that Cumba appeared and testified in the hearing on the pleas of privilege; that affiant filed the usual defensive pleadings and a cross action on behalf of Cumba; that about September 7, 1951, affiant wrote a letter to Cumba at Rising Star, Texas, advising him that the case had been set for September 17, 1951, and a similar letter to Ezzell requesting that Ezzell contact Cumba; that there had been no suggestion that Cumba would not attend the trial; that on September 17, 1951, affiant went to Jourdanton for the purpose of trying the case of Union Bus Lines, Inc. v. Virgil Cumba; that Cumba did not appear and that he called Lloyds Alliance by telephone and learned that Cumba had left Rising Star and would not be present for the trial; affiant advised the trial judge of the situation but the trial was ordered to proceed; that affiant personally represented Cumba as well as Lloyds Alliance in the trial, at the end of which judgment was rendered for Union Bus Lines, Inc.; that no appeal was perfected; that affiant has represented Lloyds Alliance in all matters subsequent and in this appeal.

An official of appellant made an affidavit that he was in the claims department of Lloyds Alliance, and of the issuance of the policy and of the employment of an attorney and of an effort to locate Cumba but that he was unsuccessful, and of the failure of Cumba to attend the trial.

The motion of appellee was granted and that of appellant was overruled and it is from this judgment of the court that the appeal is made.

The appeal is founded on seven points assigned as error but are all directed to the error of the court in granting the summary judgment, because Cumba had violated the conditions of the policy in failing to attend the trial; in holding that Lloyds Alliance was estopped from claiming lack of cooperation of Cumba by participating in the trial and that the court erred in awarding interest from September 9, 1949 instead of September 17, 1951.

We do not believe the court erred in granting the motion for summary judgment to appellee. The appellant issued the policy to Ezzell and the truck on which the policy was issued was being operated by Cumba and upon trial on the merits judgment was rendered in favor of appellee.

The question is as to the responsibility of the carrier for the damages in view of the conduct of Cumba. The policy was issued to Ezzell. Cumba did not appear at the trial on the merits, but was represented by the attorney of his choice; likewise Lloyds Alliance was represented by the same attorney who was employed by it.

Since the insurance company entered upon the defense of the case and was

represented, as was Cumba, by an able and experienced attorney who conducted the defense of the case and decided not to appeal and the judgment became final, and all such actions of the insurance company and its attorney without any reservation of any rights which appellant may have been entitled to claim prior to the trial of the original case in Atascosa County, and no claim having been made by appellant that it gave any character of notice to its insured of any claim on its part and that was a failure to cooperate, or of any noncompliance by the insured with any requirement of the policy, appellant is bound by the judgment.

American Indemnity Co. v. Fellbaum, 114 Tex. 127, 263 S.W. 908, 910, 37 A.L.R. 633.

It is stated in the Fellbaum case:

"* * * the indemnity company, in so far as making that judgment conclusive, was a party to that suit. It had a right to make the defense, control the proceedings, examine and cross-examine the witnesses, and though not technically a party, it was so connected in the litigation by its interest in the result and by its active participation that it is bound by the judgment. * * *"

This Court had before it in Highway Insurance Underwriters v. Griffith, Tex.Civ. App., 290 S.W.2d 950, 952, er. ref., N.R.E., the question of the liability of an insurer, and held:

"We believe that the insurer became liable under its Liability Policy as a matter of law and that in entering upon an investigation of the accident, in discussing settlement with attorneys for claimant, in employing legal counsel and entering upon the defense by filing answer, all of which were done without having first reserved its right, if any, to deny liability under its policy, insurer waived its rights to rely on the defense of breach of notice provision of its liability insurance policies." Citing cases.

In the recent case of Lumbermen's Mutual Cas. Co. v. Chapman, 4 Cir., 269 F.2d 478, a case similar to the instant case, the court held the insurer liable.

Complaint is made by appellant of the action of the court in permitting the filing of a trial amendment concerning the date interest should be allowed.

The original judgment provided for interest from September 9, 1949 and the application for garnishment sought interest from September 9, 1949, but the affidavit controverting appellant's answer as garnishee prayed for interest from September 17, 1951, and the amendment was to correct the date. We do not believe the court abused his discretion by permitting the filing of the trial amendment. Rule 66, Texas Rules of Civil Procedure.

The judgment of the Trial Court is affirmed.

Affirmed.