ACCEPTED
01-15-00583-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/8/2015 7:36:44 AM
CHRISTOPHER PRINE
CLERK

No. 01-15-00583-CV

In the First Court of Appeals

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
7/8/2015 7:36:44 AM
CHRISTOPHER A. PRINE
Clerk

THE HONORABLE MARK HENRY, COUNTY JUDGE OF

GALVESTON COUNTY,

*Appellant*

v.

THE HONORABLE LONNIE COX,

*Appellee*

From the 56th Judicial District Court of

Galveston County, Texas, Cause No. 15CV0583

**APPELLEE'S RESONSE TO APPELLANT'S**

**EMERGENCY MOTION FOR STAY**

Mark W. Stevens
TBN 19184300
PO Box 8118
Galveston, TX 77553
409.765.6306
Fax 409.765.6469
Email: markwandstev@sbcglobal.net
Counsel for Appelle The Hon. Lonnie Cox

1

## RESPONSE TO EMERGENCY MOTION FOR STAY

TO THE HONORABLE FIRST COURT OF APPEALS:

Appellant's Emergency Motion for Stay should be promptly OVERRULED.

It is now clear that where there is no money judgment awarded, **the trial court** retains discretion to supersede—or not—its own judgments. *In re State Board for Educator Certification, Relator,* No. 13-0537 (Tex. December 19, 2014)(orig. proceeding), below.

Texas Civil Practice & Remedies Code Sec. 6.001 does not support Appellant's claim. *Enriquez v. Hooten*, 857 S.W.2d 153 (Tex. App.—El Paso 1993, no writ), cited at Appellant's Motion, p. 7, itself noted that in *State v. Schless,* 815 S.W.2d 373 (Tex. App.—Austin 1991)(orig. proceeding), the Court made an exception where the appeal was not from a money judgment and concluded that under TRAP 47(f), the trial court retained the discretion to deny supersedeas. Likewise, *Dallas v. North By West Entertainment*, 24 S.W.3d 917 (Tex. App.—Dallas 2000, no pet.), cited at Appellant's Motion, p. 7, appears to have been  implicitly overruled in *Public Utilities*.

In *In re State Board for Educator Certification, Relator,* No. 13-0537 (Tex. December 19, 2014)(orig. proceeding), the Texas Supreme Court stated:

> We see no merit in the Board's argument that its right to supersedeas removes a trial court's discretion to enforce its non-money judgment against the State pending appeal.  CPRC Section 6.001 simply restates

settled law that the State may appeal without filing a bond. Neither it nor TRAP 25.1(h) confers unfettered power to force suspension of the judgment. The Board may appeal without security—this is undisputed—but it has no unqualified right to supersedeas in light of the trial court's discretion under TRAP 24.

In a concluding passage, *In Re State Board* explained the injustice that would result from a contrary holding, in language which closely resembles the situation presented in the present case:

> The state—as yet unsupported by a victory on the merits in any court—wants to strip Montalvo of his livelihood while the appellate process grinds on, and if he manages to regain his professional license after having been kicked out of his profession for years—well, bygones. That's a striking assertion of unbridled executive power—to enforce administrative orders that a trial court has reverse—and TRAP 24.2(a)(3) recognizes the juridiary's authority to say no.

A Stay is Not Otherwise Necessary or Appropriate

Perhaps recognizing the weakness of his initial arguments, Appellant Henry provides supplementary arguments beginning at Motion, p. 8. In essence, Appellant Henry seems to argue that he is powerless to obey the injunction now in place because he is only one vote in five.

That argument overlooks several inconvenient facts. First, in appellant's own words it is also "axiomatic" that the County Judge is the chief executive officer of the County. Other commissioners my vote in their legislative capacity,

3

but only the county judge may *execute*. Indeed, the record on briefing will clearly demonstrate that County Judge Henry County Judge Henry attempted to act entirely on his own presumed authority, without prior commissioners' court approval—or consultation with the trial judges , in purporting Ms. Quiroga on July 24, 2014. That "firing" was only later "ratified" by a commissioners court vote tainted with suspicion of prior illegal—under the Texas Open Meetings Act-- polling to ensure the desired result.

<u>Impossible to Comply?</u>

Appellant Henry's argument that it is "impossible to comply" with the injunction is, first of all, raised in the wrong court. That issue is solely in the province of the trial court:

> Although involuntary inability to comply is a valid defense to contempt, Johnson did not present evidence or testify to this matter in the show cause hearing, and we do not consider that argument here. The time and place for testimony as to impossibility of compliance with the court's order is in the trial court where the matter is being considered. See Ex parte Gonzales, **414 S.W.2d 656**, 657 (Tex.1967); Ex parte Testard, 101 Tex. 250, **106 S.W. 319**, 320 (1908). See generally Greenhill & Beirne, Habeas Corpus Proceedings in the Supreme Court of Texas, 1 St. Mary's L.J. 1 (1969).

*Ex Parte Johnson,* 654 S.W.2d 415, 419 (Tex. 1983).

Furthermore, the "impossibility" argument avoids the real –and really disturbing—question that will arise in the event of any contempt proceedings: Who

4

will have been acting in "actual concert" with County Judge Henry if the detailed injunction is not carried out.

In *In Re Conger*, 357 S.W.2d 740 (Tex. 1962), the County as a body had been enjoined from using construction equipment for private purposes, but the prior suit against the four individual commissioners had been dismissed, i.e., none were actually parties to the *order* of injunction. Id. at 743. Thereafter, one of the commissioners with a wink and a nod allowed county equipment to be used for the benefit of private parties. He defended by arguing that his actions were individual, and not those of the County. *Conger, supra*, at 744. That contention was rejected:

> While individual members of the County Commissioners Court have no authority to bind the county by their separate actions, *Canales v. Laughlin,* 147 Tex. 169, **214 S.W. 451**, nevertheless it is no valid defense in this case to say that the acts of the two Commissioners detailed herein were not official acts ordered by the Commissioners Court. The writ restrained acts of this character, both official and otherwise, prohibiting not only Upton County but its agents, servants, officers and employees from doing the things complained of. That this was the necessary effect of the injunction also, see Rule 683, Texas Rules of Civil Procedure.

*Ex Parte Conger, supra,* 357 S.W.2d at 744.

Appellant attempts to obtain advanced review of the merits by arguing that the injunction was at least in part "mandatory" and therefore void. Motion, p. 12.

However, the "rule" cited by Appellant has its inevitable exceptions. *Rhodia, Inc. v. Harris County,* 470 S.W.2d 415, 419-20 (Tex. App.—Houston [1st Dist.] 1971):

> Generally, the preservation of the quo can be accomplished by an injunction prohibitory in form, but it sometimes happens that the status quo is a condition not of rest, but of action, and the condition of rest is exactly what will inflict the irreparable injury on complainant. In such a case, courts of equity issue mandatory writs before the case is heard on its merits. This character of cases has been repeatedly held to constitute an exception to the general rule that temporary injunction may not be resorted to to obtain all relief sought in the main action; such temporary injunction may be mandatory in character . McMurrey Refining Co. v. State, **149 S.W.2d 276** (Tex.Civ.App.1941, writ ref.).

*Rhodia, Inc. v. Harris County,* supra, 470 S.W.2d at 419-20.

To the extent that the Order of Injunction is deemed "mandatory", such provisions were necessary to restore the last peaceable status. Anything less would permit Henry and others—especially other commissioners-- to obstruct by inaction the clear Orders of the trial court.

The Reach of the Injunction under TRCP 683

Texas Rule of Civil Procedure 683 cannot be evaded by arguing that because other commissioners are not "agents" or "servants" of County Judge Henry, they cannot be forced into action with the threat of contempt. Appellant overlooks the rest of the critical phrase, which makes an injunction binding not only on the named party, *but "…upon those persons in active concert or*

*participation with them who receive actual notice of the order by personal service or otherwise."* TRCP 683, 1ˢᵗ Paragraph, final sentence.

It is clear that the trial judge, the Hon. Sharolyn Wood, Assigned, ordered Mark A. Henry to notify all Commissioners and Department Heads by means of a certified copy of the Order.  Order, p. 9.  It is not known at this time whether even THAT directive has been obeyed—and if not, on whose "advice".

Rule 683 thus does not reach only named parties such as County Judge Henry.  *Ex Parte Foster,* 188 S.W.2d 382 (Tex. 1945).  In determining that a non-party was bound by an injunction—and thus subject to contempt—the Supreme Court of Texas first noted:

> This Court in the case of *American Indemnity Co. v. Fellbaum,* 114 Tex. 127, **263 S.W. 908**, 910, 37 A.L.R. 633, cited and approved the rule announced in 15 R.C.L., p. 1010, s 483, which reads as follows:
>
> 'The courts look beyond the nominal parties, and treat all those whose interests are involved in the litigation and who conduct and control the action or defense as real parties, and hold them concluded by any judgment which may be rendered, as, for example, those who employ counsel in the case, assume the active management of the proceeding or defense, or who pay the costs and do such other things as are generally done by parties. In other words, by participating in the proceedings one is estopped by the judgment as to any questions actually litigated and decided, therein.'

188 S.W.2d at 384-85.

The Supreme Court then wrote:

We hold that relator by virtue of his knowledge of and interest in the subject matter of the litigation involved in Cause No. 79272-E, and his participation in the proceedings therein, is bound by the judgment entered therein.

Rule 683 of the Texas Rules of Civil Procedure is identical with Rule 65(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. See Regal Knitwear Co. v. N. L. R. B., supra; Aluminum Colors, Inc. v. Empire Plating Co. supra.

In the case of *Regal Kitwear Co. v. N. L. R. B.,* supra (**65 S.Ct. 481**, 89 L.Ed.--), the Supreme Court of the United States said, speaking of rule 65(d):

'This is derived from the common law doctrine that a decree of injunction not only binds the parties defendant but also those identified with them in interest, in 'privity' with them, represented by them or subject to their control.'

*Foster, supra,* 188 S.W. 2d at 384.

## Who May Be Held in Contempt?

It is surprising that Appellant Henry appears concerned only with the possibility of himself being the target of a contempt action. At a minimum, the record when filed will show that two county Commissioners testified at the call of Appellant before the trial court, i.e., Commissioner Stephen Holmes and, at greater length, Commissioner Ryan Dennard. The record will amply demonstrate that these individuals were acting in concert with Appellant Henry—and it is significant that the troika of Holmes, Dennard and Appellant Henry constituted a quorum which could easily "comply" with the Order of the trial court if any resolution which were actually required—a claim which Appellee does not concede.

Finally—and most disturbingly—various lawyers might well be proper targets of contempt actions.   At Order p. 4, Paras. 3 and 4, the trial court notes that at the request of Judge Cox, the Office of Court Administration sought an opinion from the Attorney General of Texas on "guidance for the issues involved in terminating and hiring court administrative employees."  The Court then notes at Para 4: *In response, Respondent Henry hired a litigation attorney to bring a mandamus action in the appellate courts attacking Judge Cox's September 24th order, informing the Attorney General's office of this litigation to terminate the request for an opinion on the growing dispute as to the rights of the judiciary."*

As this Court is well aware by Judicial Notice, TRE 202,  that "litigation attorney" was Mr. James Allison of the firm of Allison, Bass &Magee, LLP, which were relators counsel in this court in Case No. 01-14-00820-CV, and later before the Texas Supreme Court in No. 15-00445.  When filed, the Reporter's Record and exhibits will reveal that it was a letter from Attorney Allison's firm to the Attorney General—written about two days after the filing of the mandamus action in No. 01-14-00830-CV--which brought the possibility of a helpful AG's opinion to an end.

Mr. Allison  and other members of his firm who pressed the earlier mandamus cases have now joined as counsel in the present appeal.

Nobody contests the right of litigants to file motions for proper—or even arguably proper purposes.  Those rights are not unbounded, however. See, e.g., TRCP 13.  If the present Motion and other actions  since the issuance of the Order are shown to have been  attempts to defy any  court order, any lawyer taking part may also be the subjects of  contempt actions.

## Conclusion

It is a measure of the gravity of this case that such harsh possibilities must be raised.  Appellee Henry has been found to have irreparably injured the authority of the trial courts in many successive ways.  Some of those attempts—patently meritless and ill received mandamus filings—were  financed with  public money in the grasp of Appellant Henry, spent in the unrestrained  employment of counsel for the  purpose of preventing the Attorney General from expressing an opinion, as found by the trial court, and for the overall purpose  of  attempting to win in the Appellate Courts what they clearly could not win in any hearing at which Mark Henry or his cohorts had to testify about their actions.  The present Motion is an obvious continuation of that strategy.  If County Judge Henry or any others wish to supersede the injunction, they should make that request to the trial judge.

## Prayer

The Motion for Emergency Stay  should be DENIED.

Respectfully submitted,
*/s/ Mark W. Stevens*
Mark W. Stevens
TBN 19184300
P. Box 8118
Galveston, Texas 77553
409.765.6306
Fax 409.765.6459
Email: markwandstev@sbcglobal.net
Counsel for
Lonnie Cox of the 56th Judicial District Court

## Certificate of Compliance

The foregoing instrument in relevant parts contains 2,215 words in Times New Roman Type, with text double spaced and extended quotes in 1.5 spacing for clarity and legibility.

*/s/ Mark W. Stevens*
Mark W. Stevens

## Certificate of Service

The foregoing was efiled and e-mailed PDF to Mr. Edward Friedman on July 8, 2015 at efriedman@bakerlaw.com, and also to James P. Allison (j.allison@allison-bass.com) ; J. Eric Magee (e.magee@allison-bass.com); and Phillip Ledbetter (p.ledbetter@allison-bass.com).

*/s/ Mark W. Stevens*

Mark W. Stevens