FARMERS TEXAS COUNTY MUTUAL
INSURANCE COMPANY, Appellant,

v.

Clifton Gregory WILKINSON et
al., Appellees.

No. 13147.

Court of Civil Appeals of Texas,
Austin.

June 11, 1980.

Rehearing Denied July 2, 1980.

W. Burl Brock, Thornton, Summers, Brock & Biechlin, San Antonio, for appellant.

Bob Carr, Carr & Williams, Austin, for Clifton Gregory Wilkinson.

Mack Kidd, Kidd, Whitehurst & Harkness, Austin, for Sharlye Pena Garza and U.S. Fire Ins. Co.

SMITH, Justice.

In August, 1972, appellant, Texas Farmers County Mutual Insurance Company,

sold a policy of liability insurance to Mrs. Berta Wilkinson. The policy covered a 1972 Datsun automobile purchased by Mrs. Wilkinson for her son, appellee Clifton Gregory Wilkinson. Appellee Wilkinson subsequently sold the Datsun and used the proceeds to purchase a 1953 Ford pickup.

On January 15, 1973, appellee Wilkinson, while driving the 1953 Ford pickup, was involved in an automobile accident with appellee Sharyle Pena Garza at an intersection approximately 11.4 miles north of Wimberly, Texas. The accident was timely reported to and investigated by Farmers. Four days after the collision, appellant paid Mrs. Pena Garza for the damages to her truck.

Mrs. Pena Garza made demand that Farmers pay for certain alleged personal injuries sustained in the collision. Farmers and Mrs. Pena Garza's attorneys tried for over two years to negotiate a settlement of her claim. The record reflects that, during this period, no coverage question was raised by Farmers.

Mrs. Pena Garza filed suit in the district court of Hays County against appellee Wilkinson for personal injuries on January 14, 1975. However, negotiations continued between Farmers and Mrs. Pena Garza's attorneys for another two and one-half years. Again, appellant indicated no intent to assert the defense of noncoverage.

Thereafter, on July 11, 1977, appellant first raised the coverage issue by filing the present suit seeking a declaratory judgment that it had no obligation to defend appellee Wilkinson or to provide coverage for any claims made on account of the accident in question. Appellant asserted that the 1953 Ford pickup was not an insured vehicle nor was appellee Wilkinson a named insured under the provision of appellant's policy with Mrs. Wilkinson. The declaratory judgment suit notwithstanding, appellant continued to provide a defense for appellee Wilkinson in the pending tort suit.

On July 26, 1977, appellant sent two letters to appellee Wilkinson. One stated that the claim had been turned over to its attorneys who would enter a defense and protect his interests; no mention was made of any issue of noncoverage. The other letter was a form reservation of rights notice which attempted to extend a defense to appellee Wilkinson under the policy but to withhold the right to assert the defense of noncoverage. Appellant has continued to represent appellee Wilkinson in Mrs. Pena Garza's pending suit.

Appellant's suit for declaratory judgment proceeded to trial on January 29, 1979. Pursuant to a jury verdict, rendered in response to special issues, the district court entered judgment on June 5, 1979, that Farmers Texas County Mutual Insurance Company has coverage for Clifton Gregory Wilkinson for the automobile accident in question and that Farmers has a duty to defend Wilkinson in the cause filed against him by Mrs. Pena Garza.

Appellant has timely perfected its appeal from the judgment of the district court.

Appellant contends that the jury findings establish that appellee Wilkinson was not covered under the provisions of its policy of insurance with Mrs. Berta Wilkinson. There being no coverage originally under the policy, appellant asserts further that its action in assuming the defense of appellee Wilkinson will not operate as a waiver or estoppel so as to require it to now provide coverage.

■ It is well established that, whereas the doctrines of waiver and estoppel may operate to avoid conditions that would cause a forfeiture of an insurance policy, they will not operate to change, re-write or enlarge the risks covered by the policy. *Minnesota Mutual Life Insurance Company v. Morse*, 487 S.W.2d 317 (Tex.1972); *Washington National Ins. Co. v. Craddock*, 130 Tex. 251, 109 S.W.2d 165, 113 A.L.R. 854 (1937); *Great American Reserve Ins. Co. v. Mitchell*, 335 S.W.2d 707 (Tex.Civ.App.— San Antonio 1960, writ ref'd).

■ However, it follows from these general principles that, if an insurer assumes the insured's defense without obtaining a reservation of rights or a non-waiver agree-

ment and with knowledge of the facts indicating noncoverage, all policy defenses, *including those of noncoverage*, are waived, or the insurer may be estopped from raising them. *Pacific Indemnity Co. v. Acel Delivery Service, Inc.*, 485 F.2d 1169 (5th Cir. 1973); *Ferris v. Southern Underwriters*, 109 S.W.2d 223 (Tex.Civ.App.—Austin 1937, writ ref'd); *Automobile Underwriters' Ins. Co. v. Murrah*, 40 S.W.2d 233 (Tex.Civ.App. —Dallas 1931, writ ref'd). *See*: 81 A.L.R. 1326 (1932); 38 A.L.R.2d 1148 (1954); 7C Appleman, Insurance Law & Practice § 4892 (1979). This rule is based on the " . . . apparent conflict of interest that might arise when the insurer represents the insured in a lawsuit against the insured and simultaneously formulates its defense against the insured for noncoverage." *Pacific Indemnity Co. v. Acel Delivery Service, Inc., supra.*

As appellant has assumed appellee Wilkinson's defense of Mrs. Pena Garza's suit with knowledge of facts which indicate possible noncoverage, unless it can show an effective reservation of rights or non-waiver agreement, it must now provide coverage for him.

Appellant contends that its reservation of rights notice, sent on the same day as a letter extending an unqualified defense, was effective to reserve to it the defense of noncoverage. We disagree.

When an insurer is faced with the dilemma of whether to defend or refuse to defend a proffered claim, it has four options: (1) completely decline to assume the insured's defense; (2) seek a declaratory judgment as to its obligations and rights; (3) defend under a reservation of rights or a non-waiver agreement; or (4) assume the insured's unqualified defense.

In the case at bar, with the exception of categorically denying appellee Wilkinson any coverage, appellant has attempted to do all of the above.

Had it been pursued to its completion before appellant took any further action on the claim, appellant's suit for declaratory relief would have been an adequate vehicle to determine whether appellee Wilkinson

was covered by the provisions of its policy with Mrs. Wilkinson. *See: Fireman's Insurance Company of Newark, New Jersey v. Burch*, 442 S.W.2d 331 (Tex.1968).

However, on July 26, fifteen days after filing suit for declaratory judgment, appellant sent appellee Wilkinson two letters. Both letters were dated the same day, both were on the same letterhead, and both were over the signature of "Philip Jackson, Branch Claims Manager, Texas Farmers County Mutual Insurance Company." One letter stated that the claim had been turned over to appellant's attorneys who would unqualifiedly " . . . enter a defense and protect your interests . . ." The other letter provided, in part, that:

> "Your policy of insurance may not afford coverage for this occurrence, or for any claims arising out of it, because the automobile driven by you does not in any manner qualify for coverage under the policy of insurance issued to Berta Wilkerson [*sic*]. Our right to deny coverage for the above occurrence is not limited to the reason set out above, but shall include any additional grounds for noncoverage or policy breach, which may be revealed."

■ A reservation of rights, such as was attempted by appellant in its second letter of July 26, is a means by which, prior to determination of the liability of the insured, the insurer seeks by agreement to suspend the operation of the doctrines of waiver and estoppel. When coverage is in doubt, an insurer defending the insured under such an agreement, reserves to itself all of its policy defenses in case the insured is subsequently found liable. *See: Apex Mutual Insurance Company v. Christner*, 99 Ill.App.2d 153, 240 N.E.2d 742 (1968).

■ When appellant extended its unconditional coverage to appellee Wilkinson in its first letter of July 26, that letter was accompanied by a separate letter offering to defend subject to a reservation of rights. These two statements of appellant's intent were further confused when superimposed over the already pending declaratory action for construction of the policy.

Although one of appellant's letters of July 26 attempted an unambiguous reservation of rights, that letter must be read in light of the other letter extending an unconditional defense. Both letters were posted on the same day, both arrived the same day, both were written on the same letterhead, and both were signed by the same person in the same capacity. The two letters, taken together, express, at best, an ambiguous reservation of rights.

As appellant's attempted reservation of rights was ambiguous, the provisions of the purported reservation of rights must be construed strictly against the insurer and liberally in favor of the insured. *Employers Casualty Co. v. Tilley*, 496 S.W.2d 552 (Tex.1973); *Western Casualty & Surety Co. v. Newell Manufacturing Co.*, 566 S.W.2d 74 (Tex.Civ.App.—San Antonio 1978, writ ref'd n. r. e.); 16A Appleman, Insurance Law & Practice § 9377 (1968).

Accordingly, the two letters of July 26 must be construed as extending to appellee Wilkinson an unconditional defense of the pending action by Mrs. Pena Garza.

As appellant assumed Wilkinson's defense with knowledge of facts indicating possible noncoverage but with no effective reservation of rights agreement, it must now be held to have waived the defense of noncoverage. *Ferris v. Southern Underwriters, supra.*

The judgment of the trial court is affirmed.

PHILLIPS, C. J., not sitting.