STATE FARM FIRE AND CASUALTY
COMPANY, Appellant,

v.

Monna Lou TAYLOR, Erin Elaine Taylor
and Anthony Bruce Taylor, as Judg-
ment Creditors and Assignees of the
Rights of Larry Pat Anglin, Appellees.

No. 2–91–166–CV.

Court of Appeals of Texas,
Fort Worth.

June 2, 1992.

Rehearing Overruled July 23, 1992.

Riddle & Brown, Russell W. Schell, Larry S. Kaplan, Phillip W. Gilbert, and Kenneth J. Lambert, Dallas, and Hooper & Evans, David L. Evans, Fort Worth, for appellant.

Jenks Garrett, John Holland, Arlington, and Longley & Maxwell, L.L.P., Joe Longley, Austin, for appellees.

Before WEAVER, C.J., and HILL and LATTIMORE, JJ.

## OPINION

HILL, Justice.

State Farm Fire and Casualty Company appeals from a judgment in favor of Monna Lou Taylor, Erin Elaine Taylor, and Anthony Bruce Taylor, as judgment creditors and assignees of the rights of Larry Pat Anglin, State Farm's insured under a homeowners insurance policy. The judgment awarded the appellees three times their actual damages, which consisted of the amount of a judgment obtained by the appellees against Anglin, including post-judgment interest, plus attorney's fees. State Farm presents fifteen points of error.

We reverse and remand for trial for the reasons set forth in this opinion.

Larry Anglin, State Farm's insured, shot and killed Herman Taylor in an argument over the repair of Anglin's lawn mower by Taylor. Anglin was standing on the insured premises at the time he fired the shot.

State Farm initiated this lawsuit by seeking declaratory judgment that it would not have any liability for any judgment obtained in a pending wrongful death action that the appellees had brought against Anglin because the shooting was intentional, and therefore excluded from coverage under the terms of the homeowner policy.

Anglin was indicted for the offense of homicide by the Tarrant County grand jury. He subsequently pled guilty to the offense of involuntary manslaughter and was assessed a probated sentence of ten years in the Texas Department of Corrections, now the Texas Department of Criminal Justice, Institutional Division.

In addition to filing this declaratory judgment action, State Farm also sought to intervene in the wrongful death action in order to assert that the shooting was intentional. The trial court struck State Farm's intervention and this court affirmed the judge's order. *State Farm Fire and Casualty Co. v. Taylor,* 706 S.W.2d 352 (Tex. App.—Fort Worth 1986, writ ref'd n.r.e.).

The underlying lawsuit went to trial while State Farm's petition for writ of error in the matter of the denial of its plea for intervention was pending in the Texas Supreme Court. In that lawsuit the appellees obtained a judgment against Anglin in excess of the policy limits based upon findings of negligence in Anglin's shooting of Taylor. State Farm defended Anglin in that lawsuit. Subsequently, Anglin brought a counterclaim in this lawsuit alleging that State Farm had violated Tex. Ins.Code Ann. art. 21.21 (Vernon 1981), and alleging that State Farm is obligated to pay the judgment obtained against Anglin in the wrongful death action.

Anglin filed the first motion for summary judgment, alleging that State Farm is estopped from proceeding with its declaratory judgment action because of State Farm's assertions in its effort to intervene in the wrongful death action that it would have no remedy in law unless its intervention was allowed. Anglin further alleged that State Farm's remedy was to have the declaratory judgment action resolved prior to the wrongful death case. He said that by failing to do that and failing to settle, State Farm had prejudiced him by allowing a judgment to be entered against him in excess of the policy limits.

State Farm responded by asserting its right to have the issue of whether Anglin intentionally shot Taylor properly determined, noting that there was no way that it could have been determined in the underlying wrongful death action because it would not have been in the interest of either the plaintiff or the defendant in that suit to do so.

The trial court granted Anglin's first motion for summary judgment, holding that State Farm, by foregoing a determination of the coverage question that it sought to raise through the declaratory judgment and by providing a defense to its insured, is estopped from denying coverage. The

court concluded that the coverage question is no longer a justiciable controversy.

In its first five points of error, State Farm urges that the trial court erred by granting Anglin's first motion for summary judgment in part, because it did not forego a determination of the coverage question by providing a defense to its insured and is not estopped from denying coverage.

■ We will affirm the summary judgment only if the record establishes that the movants have conclusively proved all of the essential elements of their cause of action or defense as a matter of law. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979).

■ We must first determine whether State Farm, by not seeking to abate the pending wrongful death action until its declaratory judgment action was determined, is now estopped from proceeding with the declaratory judgment action.

The Texas Supreme Court has held that a declaratory judgment as to the insurer's liability in the event of a judgment that might later be rendered in another case between a third party and its insured is purely advisory in nature and therefore beyond the power of the district court to render. *Firemen's Ins. Co. of Newark, New Jersey v. Burch*, 442 S.W.2d 331, 333 (Tex.1968). Consequently, State Farm is not estopped by its failure to have the declaratory judgment determined before the wrongful death action brought against its insured from now asserting that its insured's actions were intentional.

■ We next consider whether State Farm is estopped from proceeding with the declaratory judgment action by virtue of having defended its insured in the wrongful death lawsuit. Because State Farm was contractually obligated to defend its insured, regardless of whether it is liable due to the exclusion for intentional acts, and because State Farm has consistently denied coverage by means of this lawsuit and its attempted intervention in the wrongful death action, we hold that State Farm is not estopped from seeking this declaratory judgment of noncoverage.

The appellees refer us to the case of *Massachusetts Bonding & Ins. Co. v. Orkin Exterminating Co.*, 416 S.W.2d 396 (Tex.1967) for the general rule that "when a person is responsible over to another, either by operation of law or by express contract, and he is duly notified of the pendency of the suit and has actually assumed management of the proceeding or defense, the judgment in such suit will be conclusive as to the issues litigated therein." *Id.* at 400.

■ However, we also know that an insurer, in such a situation, may defend under a reservation of rights, and that an insurer defending the insured under such a reservation of rights reserves to itself all of its policy defenses in case the insured is subsequently found liable. *Farmers Texas County Ins. Co. v. Wilkinson*, 601 S.W.2d 520, 522 (Tex.Civ.App.—Austin 1980, writ ref'd n.r.e.).

State Farm, in its response to the motion for summary judgment, did not allege that it had defended the lawsuit under a reservation of rights nor did it bring the reservation of rights letter before the trial court as part of the summary judgment evidence. Even though the reservation of rights letter was not before the trial court when it considered the motion for summary judgment, the trial court was aware of State Farm's efforts to contest coverage during the underlying lawsuit by means of this declaratory judgment action and by its effort to intervene in the underlying lawsuit to contest coverage, an effort that continued in the appellate courts even beyond the time of the underlying trial. It could hardly be said that either the insured or the appellees were somehow misled into thinking that State Farm was not contesting coverage.

■ The appellees contend that State Farm is estopped from denying coverage by virtue of its arguments in the wrongful death case and in this case that it would be collaterally estopped from denying coverage once the wrongful death case became final. Judicial estoppel bars a party that

649

has successfully maintained a position in a prior judicial proceeding from afterward adopting an inconsistent position. *Bader v. Cox,* 701 S.W.2d 677, 685 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). Since State Farm was not successful in its effort to intervene in the wrongful death action by urging that it would be collaterally estopped to deny coverage if it could not do so, it is not barred now, by the doctrine of judicial estoppel, from denying coverage based upon the policy exclusion for intentional acts.

The appellees urge that while the doctrine of judicial estoppel might not apply, State Farm is still bound by its pleadings in the same case. They rely on the case of *Perez v. Briercroft Serv. Corp.,* 809 S.W.2d 216 (Tex.1991). In that case the Texas Supreme Court held that a consumer seeking damages arising from a home improvement contract could obtain cancellation of the note financing the improvements in the absence of pleadings on his part where the creditor had itself asserted the consumer's right of cancellation. We do not view this case as authority for the appellees' position that State Farm is now estopped from asserting its policy defense.

██ The appellees rely on the doctrine that the facts alleged or admitted in the live pleadings of a party are accepted as true by the court and jury and are binding on the pleader. *See Houston First American Sav. v. Musick,* 650 S.W.2d 764, 769 (Tex.1983). We hold that this doctrine is not applicable here because State Farm's representation in its pleading was a representation of law and not of fact.

██ The appellees further assert that State Farm's agreement with them in the appeal of its intervention action that the doctrine of collateral estoppel would apply amounts to a stipulation with them as to that fact which is binding on State Farm in this case in accordance with TEX.R.CIV.P. 11. We hold that State Farm's assertions to the court in the appeal of its attempted intervention in the suit between the appellees and its insured, to the effect that the doctrine of collateral estoppel would apply, does not amount to a stipulation between the parties in this cause as contemplated by TEX.R.CIV.P. 11. We sustain points of error numbers one through five.

The appellees, as judgment creditors and assignees of Anglin, State Farm's insured, filed a second motion for summary judgment in which they asked the trial court to find that State Farm is liable for the entire amount of the judgment rendered against Anglin, together with penalties and interest. They requested the court to find that State Farm, as a matter of law, violated article 21.21 of the Texas Insurance Code by: (1) not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims submitted in which liability has become reasonably clear. TEX. INS.CODE ANN. art. 21.21–2, sec. 2(b)(4) (Vernon Supp.1992); (2) making a misrepresentation as that term is defined by 28 TEX.AD-MIN.CODE sec. 21.203(1) (West Sept. 1, 1988) (Unfair Claim Settlement Practices Act) and TEX.INS.CODE ANN. art. 21.21–2, sec. 2(b)(1) (Vernon Supp.1992); and (3) failing to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policies. TEX. INS.CODE ANN. art. 21.21–2, sec. 2(b)(2) (Vernon Supp.1992).

The trial court granted the motion, holding that State Farm knowingly violated the provisions of article 21.21 of the Texas Insurance Code as set forth in the motion for summary judgment; that those violations resulted in and were a producing cause of the entry of the judgment in the underlying lawsuit against Anglin; that the appellees are to recover from State Farm three times the amount of the judgment (including postjudgment interest at the legal rate); and that the appellees are to recover reasonable and necessary fees from State Farm, as found by the jury.

State Farm insists in points of error numbers six through nine that the trial court erred by granting this second summary judgment.

██ We first consider the appellees' contention that State Farm did not attempt in good faith to effectuate prompt, fair, and equitable settlements of claims sub-

mitted in which liability had become reasonably clear. We hold that under the undisputed facts as we have outlined them, the appellees have not established, as a matter of law, that the liability of State Farm, in view of the policy exclusion for intentional acts, ever became reasonably clear.

Next, we will consider the appellees' contention that State Farm made a misrepresentation as that term is defined by 28 Texas Administrative Code, section 21.-203(1) *and* article 21.21–2, section 2(b)(1) of the Texas Insurance Code. The misrepresentations relied upon by the appellees are State Farm's legal arguments in its attempt to intervene in the suit between the insured and the appellees, to the effect that if it were not allowed to intervene that it would be collaterally estopped, by a jury's finding that its insured acted negligently, from contending that he acted intentionally. The appellees also alleged in their motion that State Farm made the same representation to its insured.

■■■■ We hold that State Farm's representations in court pleadings do not constitute a misrepresentation to its *claimant* as is required in order for it to be an unfair claims settlement practice. *See* Tex.Ins. Code Ann. art. 21.21–2, sec. 2(b)(1). As to the appellees' claims that State Farm made the same representation to its claimant, the insured, we note that both the insured and his attorney are equivocal in their affidavits as to whether State Farm made such a representation to them, indicating only that it was their understanding that State Farm had made such a representation. Both the claimant and his attorney are interested witnesses. Summary judgment may be based on uncontroverted testimonial evidence of an interested witness if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. Tex.R.Civ.P. 166a(c). First, we do not find the affidavits of the claimant and his attorney to be clear, positive, and direct as to any representation by State Farm. Instead, as we have indicated, their statements on that subject were equivocal.

Even if there were a misrepresentation that constituted an unfair settlement claims practice, we fail to see how one could conclude, as a matter of law, that such misrepresentation was a producing cause of the judgment being obtained against the insured.

The appellees argue that the entry of the judgment against the insured was caused by State Farm's refusal to settle the claim after its plea of intervention was denied. As we have previously stated, under our facts, State Farm's liability never became reasonably clear, as a matter of law, in view of its contention that its insured's actions were intentional; therefore, it had no duty to settle prior to a determination of its declaratory judgment action as to whether its insured's actions were intentional.

■■■ Finally, we consider the appellees' contention that State Farm failed to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policies. It is undisputed that State Farm failed to acknowledge certain settlement offers made on behalf of the appellees. We agree with the appellees that State Farm's failure to acknowledge such settlement offers is an unfair claims settlement practice as defined by article 21.21–2, section 2(b)(2) of the Texas Insurance Code. However, as we have noted, State Farm had no duty to settle. Consequently, although we agree with the appellees that State Farm committed an unfair claims settlement practice by not acknowledging their settlement offer, in view of the fact that State Farm was actively contesting its coverage, although defending its insured, we fail to see how the appellees have proved that, as a matter of law, State Farm's failure to acknowledge their settlement offer was a producing cause of the judgment against its insured.

The appellees contend that if the insured had known that State Farm was not going to settle and that it was not going to pay a judgment as it had stated it was going to have to do then he might have made other arrangements to protect himself. It is true

that Norman Maples, the insured's personal attorney, swore in his affidavit that it was his understanding that State Farm had represented to him and to his client that if the striking of its intervention were ultimately upheld that it would protect its insured by paying the judgment. Maples further swore that had State Farm ever told him that they would not pay the judgment as they had stated that he would have done everything within his power to settle the case with Jenks Garrett, the appellees' attorney, prior to the entry of the judgment against his client.

Norman Maples is an interested witness. As we previously noted, Maples assertions as to any misrepresentation by State Farm were not clear, positive, and direct, but equivocal. His statement that he would have done everything within his power to settle the case with the appellees' attorney prior to the entry of judgment could not have been readily controverted because it involved speculation on Maples' part as to what he would have done in a hypothetical circumstance. We have already noted that the insured's affidavit as to whether State Farm had represented to him that it would pay the claim is similarly equivocal. We sustain points of error numbers six through nine.

 State Farm urges in points of error numbers ten and eleven that the trial court erred in its instruction accompanying question number one because it erroneously states the law applicable to the case and constitutes a prejudicial comment on the weight of the evidence, thereby resulting in an improper verdict. In points of error numbers twelve and thirteen, it asserts that the trial court erred in refusing to allow it to recall in rebuttal the appellees' expert John Street and in refusing to allow it to make a bill of exceptions concerning his earlier testimony, then prejudicially instructing the jury that State Farm had the means to fully adjudicate coverage while the underlying case was pending. Inasmuch as the only jury issue upon which the judgment nunc pro tunc in this case is based is that of attorney's fees and inasmuch as these points of error are unrelated to the attorney's fee issue, any error would not be such an error as would have been such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause rendition of an improper judgment in the case. *See* Tex.R.App.P. 81(b)(1). We overrule points of error numbers ten, eleven, twelve, and thirteen.

State Farm argues in points of error numbers fourteen and fifteen that the appellees failed to establish the existence of rights against it as assignees or otherwise, and that the trial court erred in entering its judgment, as the purported assignment and release of claims extinguished any causes of action for recovery of the excess judgment. State Farm acknowledged the existence of the assignment in its response to its insured's motion for summary judgment and attached a copy of the assignment to that response. The assignment includes an assignment of any "Stowers" claim. We overrule points of error numbers fourteen and fifteen.

We reverse the judgment and remand this cause for trial.