**Judy LOPEZ and Adelaida Lopez, Individually and as Successors in Interest of Domingo Garcia, Jr., Appellants,**

v.

**TEXAS PROPERTY & CASUALTY INSURANCE GUARANTY ASSOCIATION, Appellee.**

No. 03–98–00072–CV.

Court of Appeals of Texas, Austin.

April 29, 1999.

Viola Garcia-Garza, Skaggs & Reyna, L.L.P., McAllen, for appellant.

Kelly Abbott Hammon, Ross, Banks, May, Cron & Cavin, P.C., Houston, for appellee.

Before Chief Justice ABOUSSIE, Justices JONES and YEAKEL.

MARILYN ABOUSSIE, Chief Justice.

Appellants Judy Lopez and Adelaida Lopez, Individually and as Successors in Interest of Domingo Garcia, Jr., sued appellee Texas Property & Casualty Insurance Guaranty Association ("Guaranty Association") for tender of all statutory limits under articles 21.28 and 21.28–C of the Texas Insurance Code pursuant to a turnover and assignment order granting appellants all of Garcia's claims and causes of action arising out of a personal injury suit. The Guaranty Association filed a motion for summary judgment which the trial court granted. We will affirm.

## BACKGROUND

This appeal arises out of a cause of action based upon a commercial automobile liability policy issued by Guaranty County Mutual Insurance Company ("Guaranty County Mutual"), now in receivership. The policy was purchased by

Domingo Garcia, Sr. His son, Domingo Garcia, Jr., was driving his father's truck, without permission, when Domingo Jr. was involved in an accident with appellants. Appellants filed suit against the son for personal injuries sustained in the accident, and Guaranty County Mutual defended him. The suit was tried before a jury in Hidalgo County, and the trial court rendered judgment in favor of appellants on December 18, 1992.

Guaranty County Mutual was placed in receivership a few months later on April 8, 1993. Guaranty County Mutual failed to satisfy the judgment against the younger Garcia before it was placed in receivership. On April 15, 1993, the Hidalgo County district court signed an order granting appellants' application for turnover relief, assigning to appellants all claims and causes of action of Domingo Garcia, Jr. against Guaranty County Mutual.

On May 11, 1993, the Commissioner of Insurance designated Guaranty County Mutual as impaired, thereby triggering the Guaranty Association's duties pursuant to section 21.28–C of the Texas Insurance Code. Appellants filed a claim with the Association to recover the judgment against Domingo Garcia, Jr. Following an investigation, the Guaranty Association denied the claim after determining that it was not a "covered claim" because the son drove his father's truck without permission. Appellants filed suit against the Guaranty Association and Guaranty County Mutual, by and through the Receiver, in district court in Travis County. The district court granted the Association's motion for summary judgment, then signed an agreed order to sever the Association's summary judgment from the remaining claims against Guaranty County Mutual, in receivership, so that the summary-judgment order became final and appealable.

## DISCUSSION

The standard for reviewing a motion for summary judgment is well established: (1)

the movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and (3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). We note, however, that the trial court's order does not state the specific grounds upon which summary judgment was granted. "When a trial court's order granting summary judgment does not specify the ground or grounds relied on for the ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious." *American Eagle Ins. Co. v. Nettleton*, 932 S.W.2d 169, 174 (Tex.App.—El Paso 1996, writ denied) (citing *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993); *Rogers v. Ricane Enters. Inc.*, 772 S.W.2d 76, 79 (Tex.1989)).

In its sole point of error, appellants contend that before it became impaired Guaranty County Mutual waived its contractual defenses and thus the Guaranty Association is estopped from asserting that appellants' claim is not covered under article 21.28–C of the Texas Insurance Code. The parties agree that Domingo Jr. drove his father's vehicle without permission. Thus, he is not insured under his father's policy and Guaranty County Mutual could have defended Domingo Jr. under a reservation of rights. Had it done so, there would have been no coverage, no liability, and the Guaranty Association would not have to pay the judgment against Domingo Jr. Appellants argue that because Guaranty County Mutual failed to send a reservation of rights letter to Domingo Jr., the Guaranty Association must pay the judgment.[1] The Guaranty Association con-

1. The Court notes that no reservation of rights letter appears in the summary-judgment rec-

tends simply that there is no coverage under the insurance policy and that is all it is legally obligated to pay. Therefore, it asserts, there is no waiver.

■ Texas courts recognize an exception to an insurer's rights and defenses specified under its policy of insurance. This rule provides that if an insurer assumes an insured's defense without declaring a reservation of rights or obtaining a non-waiver agreement, and with knowledge of facts indicating noncoverage, the insurer waives all policy defenses, including those of noncoverage, and the insurer may be estopped from raising them. *See Farmers Tex. County Mut. Ins. Co. v. Wilkinson,* 601 S.W.2d 520, 522 (Tex.Civ. App.—Austin 1980, writ ref'd n.r.e.). The rule recognizes an exception to an insurer's *contractual* rights under the policy of insurance. Once an insurer becomes impaired, however, the Guaranty Association's duties are triggered, and those duties are expressly created by statute. *See* Tex. Ins.Code Ann. art. 21.28–C (West Supp.1999).[2]

■ We begin by observing that the duty of this Court is to construe a statute as written and ascertain the legislature's intent from the language of the act. *See Morrison v. Chan,* 699 S.W.2d 205, 208 (Tex.1985). By statute, the Guaranty Association assumes the policy obligations of Guaranty County Mutual only to the extent that those obligations are "covered claims." *See* Tex. Ins.Code Ann. art. 21.28–C, § 8. A covered claim is limited to "an unpaid claim of an insured or third-party liability claimant that arises out of and is within the coverage." *Id.* art. 21.28–C, § 5(8). Pursuant to the statute, the Guaranty Association "may review settlements, releases, and judgments to which the impaired insurer or its insureds were

parties to determine the extent to which those settlements, releases, and judgments may be properly contested." *Id.* art. 21.28–C, § 8(d).

Upon reviewing the terms and conditions of the policy at issue in this case, the Guaranty Association determined that appellant's claims against Domingo Garcia, Jr. were outside the policy coverage because the son did not have his father's permission to drive the truck insured under the father's policy with Guaranty County Mutual. Appellants do not dispute the Guaranty Association's assertion of this fact. Nevertheless, Guaranty County Mutual defended Domingo Jr. without a no-waiver agreement or a reservation of rights letter. The Guaranty Association does not dispute this fact. Apparently, appellants would agree that had Guaranty County Mutual sent such a letter their claim would not be covered and the Guaranty Association would have no obligation to pay because Domingo Jr. was not an insured and was not covered under the policy. Because appellants' claim is for a loss outside policy coverage, appellants' claim for recovery of the judgment against Domingo Jr. is not a covered claim under the terms and conditions of the policy. Therefore, the Guaranty Association is prohibited under article 21.28–C of the Texas Insurance Code from paying appellants' claim. Appellants' sole point of error is overruled.

The judgment is affirmed.

---

ord before the Court. Therefore, we will assume that no such letter was sent to Domingo Garcia, Jr. in the underlying personal injury suit.

**2.** Subsequent amendments to this statute are not relevant to the issue in the case. There-

fore, we cite to the current code for convenience.