TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00072-CV






Judy Lopez and Adelaida Lopez, Individually and as Successors


in Interest of Domingo Garcia, Jr., Appellants



v.



Texas Property & Casualty Insurance Guaranty Association, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 94-13950-A, HONORABLE PETER M. LOWRY, JUDGE PRESIDING 







 Appellants Judy Lopez and Adelaida Lopez, Individually and as Successors in
Interest of Domingo Garcia, Jr., sued appellee Texas Property & Casualty Insurance Guaranty
Association ("Guaranty Association") for tender of all statutory limits under articles 21.28 and
21.28-C of the Texas Insurance Code pursuant to a turnover and assignment order granting
appellants all of Garcia's claims and causes of action arising out of a personal injury suit. The
Guaranty Association filed a motion for summary judgment which the trial court granted. We will
affirm.


BACKGROUND


 This appeal arises out of a cause of action based upon a commercial automobile
liability policy issued by Guaranty County Mutual Insurance Company ("Guaranty County
Mutual"), now in receivership. The policy was purchased by Domingo Garcia, Sr. His son,
Domingo Garcia, Jr., was driving his father's truck, without permission, when Domingo Jr. was
involved in an accident with appellants. Appellants filed suit against the son for personal injuries
sustained in the accident, and Guaranty County Mutual defended him. The suit was tried before
a jury in Hidalgo County, and the trial court rendered judgment in favor of appellants on
December 18, 1992.

 Guaranty County Mutual was placed in receivership a few months later on April
8, 1993. Guaranty County Mutual failed to satisfy the judgment against the younger Garcia before
it was placed in receivership. On April 15, 1993, the Hidalgo County district court signed an
order granting appellants' application for turnover relief, assigning to appellants all claims and
causes of action of Domingo Garcia, Jr. against Guaranty County Mutual. 

 On May 11, 1993, the Commissioner of Insurance designated Guaranty County
Mutual as impaired, thereby triggering the Guaranty Association's duties pursuant to section
21.28-C of the Texas Insurance Code. Appellants filed a claim with the Association to recover
the judgment against Domingo Garcia, Jr. Following an investigation, the Guaranty Association
denied the claim after determining that it was not a "covered claim" because the son drove his
father's truck without permission. Appellants filed suit against the Guaranty Association and
Guaranty County Mutual, by and through the Receiver, in district court in Travis County. The
district court granted the Association's motion for summary judgment, then signed an agreed order
to sever the Association's summary judgment from the remaining claims against Guaranty County
Mutual, in receivership, so that the summary-judgment order became final and appealable.



DISCUSSION


 The standard for reviewing a motion for summary judgment is well established: 
(1) the movant has the burden of showing that no genuine issue of material fact exists and that it
is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact
issue precluding summary judgment, evidence favorable to the non-movant will be taken as true;
and (3) every reasonable inference must be indulged in favor of the non-movant and any doubts
resolved in its favor. See Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex.
1985). We note, however, that the trial court's order does not state the specific grounds upon
which summary judgment was granted. "When a trial court's order granting summary judgment
does not specify the ground or grounds relied on for the ruling, summary judgment will be
affirmed on appeal if any of the theories advanced are meritorious." American Eagle Ins. Co. v.
Nettleton, 932 S.W.2d 169, 174 (Tex. App.--El Paso 1996, writ denied) (citing State Farm Fire
& Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex. 1993); Rogers v. Ricane Enters. Inc., 772
S.W.2d 76, 79 (Tex. 1989)).

 In its sole point of error, appellants contend that before it became impaired
Guaranty County Mutual waived its contractual defenses and thus the Guaranty Association is
estopped from asserting that appellants' claim is not covered under article 21.28-C of the Texas
Insurance Code. The parties agree that Domingo Jr. drove his father's vehicle without permission. 
Thus, he is not insured under his father's policy and Guaranty County Mutual could have defended
Domingo Jr. under a reservation of rights. Had it done so, there would have been no coverage,
no liability, and the Guaranty Association would not have to pay the judgment against Domingo
Jr. Appellants argue that because Guaranty County Mutual failed to send a reservation of rights
letter to Domingo Jr., the Guaranty Association must pay the judgment. (1) The Guaranty
Association contends simply that there is no coverage under the insurance policy and that is all it
is legally obligated to pay. Therefore, it asserts, there is no waiver. 

 Texas courts recognize an exception to an insurer's rights and defenses specified
under its policy of insurance. This rule provides that if an insurer assumes an insured's defense
without declaring a reservation of rights or obtaining a non-waiver agreement, and with knowledge
of facts indicating noncoverage, the insurer waives all policy defenses, including those of
noncoverage, and the insurer may be estopped from raising them. See Farmers Tex. County Mut.
Ins. Co. v. Wilkinson, 601 S.W.2d 520, 522 (Tex. Civ. App.--Austin 1980, writ ref'd n.r.e.). 
The rule recognizes an exception to an insurer's contractual rights under the policy of insurance. 
Once an insurer becomes impaired, however, the Guaranty Association's duties are triggered, and
those duties are expressly created by statute. See Tex. Ins. Code Ann. art. 21.28-C (West Supp.
1999). (2)

 We begin by observing that the duty of this Court is to construe a statute as written
and ascertain the legislature's intent from the language of the act. See Morrison v. Chan, 699
S.W.2d 205, 208 (Tex. 1985). By statute, the Guaranty Association assumes the policy
obligations of Guaranty County Mutual only to the extent that those obligations are "covered
claims." See Tex. Ins. Code Ann. art. 21.28-C, § 8. A covered claim is limited to "an unpaid
claim of an insured or third-party liability claimant that arises out of and is within the coverage." 
Id. art. 21.28-C, § 5(8). Pursuant to the statute, the Guaranty Association "may review
settlements, releases, and judgments to which the impaired insurer or its insureds were parties to
determine the extent to which those settlements, releases, and judgments may be properly
contested." Id. art. 21.28-C, § 8(d). 

 Upon reviewing the terms and conditions of the policy at issue in this case, the
Guaranty Association determined that appellant's claims against Domingo Garcia, Jr. were outside
the policy coverage because the son did not have his father's permission to drive the truck insured
under the father's policy with Guaranty County Mutual. Appellants do not dispute the Guaranty
Association's assertion of this fact. Nevertheless, Guaranty County Mutual defended Domingo
Jr. without a no-waiver agreement or a reservation of rights letter. The Guaranty Association does
not dispute this fact. Apparently, appellants would agree that had Guaranty County Mutual sent
such a letter their claim would not be covered and the Guaranty Association would have no
obligation to pay because Domingo Jr. was not an insured and was not covered under the policy. 
Because appellants' claim is for a loss outside policy coverage, appellants' claim for recovery of
the judgment against Domingo Jr. is not a covered claim under the terms and conditions of the
policy. Therefore, the Guaranty Association is prohibited under article 21.28-C of the Texas
Insurance Code from paying appellants' claim. Appellants' sole point of error is overruled.


 The judgment is affirmed.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Jones and Yeakel

Affirmed

Filed: April 29, 1999

Publish
1. The Court notes that no reservation of rights letter appears in the summary-judgment record 
before the Court. Therefore, we will assume that no such letter was sent to Domingo Garcia, Jr.
in the underlying personal injury suit.
2. Subsequent amendments to this statute are not relevant to the issue in the case. Therefore,
we cite to the current code for convenience.



insured under his father's policy and Guaranty County Mutual could have defended
Domingo Jr. under a reservation of rights. Had it done so, there would have been no coverage,
no liability, and the Guaranty Association would not have to pay the judgment against Domingo
Jr. Appellants argue that because Guaranty County Mutual failed to send a reservation of rights
letter to Domingo Jr., the Guaranty Association must pay the judgment. (1) The Guaranty
Association contends simply that there is no coverage under the insurance policy and that is all it
is legally obligated to pay. Therefore, it asserts, there is no waiver. 

 Texas courts recognize an exception to an insurer's rights and defenses specified
under its policy of insurance. This rule provides that if an insurer assumes an insured's defense
without declaring a reservation of rights or obtaining a non-waiver agreement, and with knowledge
of facts indicating noncoverage, the insurer waives all policy defenses, including those of
noncoverage, and the insurer may be estopped from raising them. See Farmers Tex. County Mut.
Ins. Co. v. Wilkinson, 601 S.W.2d 520, 522 (Tex. Civ. App.--Austin 1980, writ ref'd n.r.e.). 
The rule recognizes an exception to an insurer's contractual rights under the policy of insurance. 
Once an insurer becomes impaired, however, the Guaranty Association's duties are triggered, and
those duties are expressly created by statute. See Tex. Ins. Code Ann. art. 21.28-C (West Supp.
1999). (2)

 We begin by observing that the duty of this Court is to construe a statute as written
and ascertain the legislature's intent from the language of the act. See Morrison v. Chan, 699
S.W.2d 205, 208 (Tex. 1985). By statute, the Guaranty Association assumes the policy
obligations of Guaranty County Mutual only to the extent that those obligations are "covered
claims." See Tex. Ins. Code Ann. art. 21.28-C, § 8. A covered claim is limited to "an unpaid
claim of an insured or third-party liability claimant that arises out of and is within the coverage." 
Id. art. 21.28-C, § 5(8). Pursuant to the statute, the Guaranty Association "may review
settlements, releases, and judgments to which the impaired insurer or its insureds were parties to
determine the extent to which those settlements, releases, and judgments may be properly
contested." Id. art. 21.28-C, § 8(d). 

 Upon reviewing the terms and conditions of the policy at issue in this case, the
Guaranty Association determined that appellant's claims against Domingo Garcia, Jr. were outside
the policy coverage because the son did not have his father's permission to drive the truck insured
under the father's policy with Guaranty County Mutual. Appellants do not dispute the Guaranty
Association's assertion of this fact. Nevertheless, Guaranty County Mutual defended Domingo
Jr. without a no-waiver agreement or a reservation of rights letter. The Guaranty Association does
not dispute this fact. Apparently, appellants would agree that had Guaranty County Mutual sent
such a letter their claim would not be covered and the Guaranty Association would have no
obligation to pay because Domingo Jr. was not an insured and was not covered under the policy. 
Because appellants' claim is for a loss outside policy coverage, appellants' claim for recovery of
the judgment against Domingo Jr. is not a covered claim under the terms and conditions of the
policy. Therefore, the Guaranty Association is prohibited under article 21.28-C of the Texas
Insurance Code from paying appellants' claim. Appellants' sole point of error is overruled.


 The judgment is affirmed.