NUMBER 13-00-439-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI






NORTHERN COUNTY 

MUTUAL INSURANCE COMPANY
, Appellant,


v.



TIMOTEO DAVALOS, Appellee.





On appeal from the 130th District Court


of Matagorda County, Texas.






O P I N I O N



Before Justices Dorsey, Hinojosa, and Castillo


Opinion by Justice Dorsey



 Appellant, Northern County Mutual Insurance Company, appeals a summary
judgment rendered against it and in favor of its insured, Timoteo Davalos. 

STATEMENT OF FACTS


 Timoteo Davalos was injured in an automobile accident in Dallas County, Texas,
on October 10, 1995. Davalos sued the driver of the other car in the 130th District
Court of Matagorda County, Texas. The driver and his wife sued Davalos in the 68th
District Court of Dallas County, Texas, on October 17, 1996. Davalos hired his own
counsel, who filed an answer and motion to transfer venue of the Dallas County case
to Matagorda County. 

 Davalos's counsel then sent the petition in the Dallas County case to Northern
County and requested that it provide a defense for Davalos, as provided in the
insurance contract. Northern County answered Davalos's by letter requesting that
Davalos allow Northern County's chosen attorney to substitute in as Davalos's
counsel, and that Davalos withdraw the motion to transfer. Davalos refused to comply
with Northern County's requests and kept the attorney he had selected. 

 Northern County eventually settled the Dallas County case. Davalos then filed
suit against Northern County in Matagorda County alleging that it had breached the
insurance policy contract, engaged in unfair methods of competition and unfair or
deceptive acts or practices as defined in Texas Insurance Code article 21.21, section 
4, and violated Texas Insurance Code article 21.55 by failing to undertake Davalos's
defense.

 Davalos filed a motion for partial summary judgment, and Northern County filed
a motion for summary judgment. The court granted Davalos's motion for partial
summary judgment on August 31, 1999. The parties then agreed to dispose of all
other claims in the suit in order to make the judgment final and appealable. The trial
court entered a final judgment awarding Davalos $15,000 on his breach of contract
claim and a monetary award for his claim for violations of the Texas Insurance Code
article 21.55. Northern County appeals from this judgment. 

STANDARD OF REVIEW

 A party moving for summary judgment must conclusively prove all elements of
its cause of action or defense as a matter of law. Tex. R. Civ. P. 166a(c); See Holy
Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 566 (Tex. 2001); Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999). To secure a summary
judgment the movant has the burden to show that there is no genuine issue of material
fact and that he is entitled to judgment as a matter of law. Wornick Co. v. Casas, 856
S.W.2d 732, 733 (Tex.1993) (citing City of Houston v. Clear Creek Basin Authority,
589 S.W.2d 671, 675-76 (Tex.1979)). See also Nixon v. Mr. Property Management
Co., Inc., 690 S.W.2d 546, 548-49 (Tex.1985). A defendant may accomplish this
by uncontroverted, competent evidence that negates, as a matter of law, at least one
element of the plaintiff's cause of action. Wornick, 856 S.W.2d at 733 (citing
Rodriguez v. Naylor Indus., Inc., 763 S.W.2d 411, 413 (Tex.1989)). In reviewing a
summary judgment, evidence favorable to the non-movant will be taken as true with
all doubts resolved and every reasonable inference indulged in his favor. Id. (citing El
Chico Corp. v. Poole, 732 S.W.2d 306, 315 (Tex.1987)).

 When both sides move for summary judgment and the trial court grants one
motion and denies the other, the reviewing court should review the summary judgment
evidence presented by both sides and determine all questions presented. The
reviewing court should render such judgment as the trial court should have rendered. 
Commissioners Court of Titus County v. Agan, 940 S.W.2d 77, 81 (Tex. 1997). 
When reversing a trial court's judgment, the court must render the judgment that the
trial court should have rendered, except when: (a) a remand is necessary for further
proceedings; or (b) the interests of justice require a remand for another trial. Tex. R.
App. P. 43.3. Therefore, we will review the grounds contained in both motions for
summary judgment and the evidence presented, and render such judgment as the trial
court should have rendered. 

BREACH OF CONTRACT

 We first address the question of whether the trial court could have properly
granted summary judgment on grounds that Northwest County breached the contract
between it and Davalos. 

 Davalos argues that Northern County breached the contract because it did not
satisfy its contractual duty to defend. The automobile insurance policy contract
between Davalos and Northern County provides that "[Northern County] will pay
damages for bodily injury or property damage for which any covered person becomes
legally responsible because of an auto accident" and that "[Northern County] will settle
or defend, as we consider appropriate, any claim or suit asking for these damages." 
The language of the petition filed against Davalos in Dallas County and the policy's
language determine the insurer's duty to defend. See Nat. Union Fire Ins. Co. v.
Merchants Fast Motor Lines, Inc., 939 S.W.2d 139, 141(Tex. 1997). A court must
focus on the factual allegations rather than the legal theories asserted in reviewing the
underlying petition. Id. 

 Davalos was sued by the Weinbergs for personal injuries sustained, damages,
medical expenses incurred and loss of earnings resulting from the automobile accident,
which occurred on October 10, 1995, in Dallas County. Northern County did not deny
that the claim was covered by the policy. "When an insurer is faced with the dilemma
of whether to defend or refuse to defend a proffered claim, it has four options: (1)
completely decline to assume the insured's defense; (2) seek a declaratory judgment
as to its obligations and rights; (3) defend under a reservation of rights or a non-waiver
agreement; or (4) assume the insured's unqualified defense." Farmers Texas County
Mut. Ins. Co. v. Wilkinson, 601 S.W.2d 520, 522 (Tex. Civ. App.-Austin 1980, writ
ref'd n.r.e.). 

 Northern County did not decline to assume Davalos's defense. Northern County
did not seek a declaratory judgment as to its obligations and rights nor did Northern
County defend under a reservation of rights or a non-waiver agreement. However,
Northern County replied to Davalos's request for a defense by letter stating:

 The purpose of this letter is to advise you that your personal attorneys
have no agreement with us in reference to the Dallas County lawsuit filed
against you. We did not hire them to defend you in the Dallas County
lawsuit, and your liability protection under the policy may be jeopardized
by their filing of a motion [to] transfer venue to Matagorda County. If
they continue to defend you in the Dallas County lawsuit and continue
to pursue the motion to transfer venue, we will take the position that
there is no liability protection under the Northern County Mutual
Insurance company policy issued to you, and the outcome of the Dallas
County case will be your personal responsibility.

 

 If you wish to maintain the liability insurance protection under your
policy, we request that you instruct [your chosen counsel] to withdraw
as your attorney of record in the Dallas County case and allow the
following attorney to substitute in as your attorney of record and defend
you...


 As representatives of your Texas personal automobile liability insurance
company, we believe [your chosen counsel's] interest are not the same
as our interest. Under the terms of your Texas personal automobile
liability policy, our interest is to protect you on any claims brought
against you by the other parties in the accident. For that reason, we
believe the Dallas County lawsuit should be defended by [counsel of our
choice], and the lawsuit should remain in Dallas County.


 In determining an insurer's responsibilities under the standard form Texas
personal auto policy, the Texas Supreme Court held that: "The insurer's control of the
insured's defense under this policy thus includes authority to accept or reject
settlement offers and, where no conflict of interest exists, to make other decisions
that would normally be vested in the client, here the insured." State Farm Mutual Ins.
Co. v. Traver, 980 S.W.2d 625, 627 (Tex. 1998) (emphasis added). 

 Davalos wanted to move the case to Matagorda County, where he lived and
was familiar with the community. Northern County wanted the case to remain in
Dallas County, where its place of business was located. The parties' different choices
on the issue of venue is an obvious conflict of interest. Under Traver, Northern County
forfeited its control of the defense and the choice to settle. See id. Accordingly, we
hold that the trial court properly granted summary judgment on the grounds that
Northern County breached its contractual duty to defend. 

VIOLATION OF TEXAS INSURANCE CODE

 The final ground in Davalos's motion for summary judgment was that Northern
County violated Tex. Ins. Code Ann. art. 21.55 and is liable for damages resulting from
this violation. See Tex. Ins. Code Ann. art. 21.55, §6 (Vernon Supp. 2002). Davalos
argues that Northern County refused to defend Davalos until his motion to transfer
venue and/or abate was withdrawn. Davalos's contends that article 21.55 applies to
cases concerning an insurer's failure to defend. Davalos argues that as a result of
Northern County's violation of Texas Insurance Code article 21.55, he is entitled to
recover attorney's fees, penalties, and interest. Northern County argues it did not
violate article 21.55 because the time deadlines were met. 

 Tex. Ins. Code Ann. art. 21.55, sec. 6 (Vernon Supp. 2002) states:

 In all cases where a claim is made pursuant to a policy of insurance and
the insurer liable therefore is not in compliance with the requirements of
this article, such insurer shall be liable to pay the holder of the policy, ...
in addition to the amount of the claim, 18 percent per annum of the
amount of such claim as damages, together with reasonable attorney
fees. If suit is filed, such attorney fees shall be taxed as part of the
costs in the case.


(Emphasis added).


 The requirements of article 21.55 referred to above are that not later than the
15th day after receipt of notice of the claim, the insurer shall: 1) acknowledge receipt
of the claim; 2) commence investigation of the claim; and 3) request from the claimant
all items, statements, and forms that the insurer reasonably believes at that time will
be required from the claimant. The insurer must also notify the claimant in writing of
the acceptance or rejection of the claim not later than the 15th business day afer the
date the insurer receives all items, statements, and forms required by the insurer, in
order to secure final proof of loss. See Tex. Ins. Code Ann. art. 21.55, sec. (2)(3)
(Vernon's Supp. 2002).

 Northern County notified Davalos of its receipt of the claim in its letter dated
January 9, 1997. However, Northern County did not explicitly accept or reject the
claim. Thus, Northern County did not meet the requisite time deadline to accept or
reject the claim. Accordingly, we hold that the trial court properly granted summary
judgment and damages on the grounds that Northern County violated Texas Insurance
Code article 21.55.

NORTHERN COUNTY'S CROSS MOTION FOR SUMMARY JUDGMENT

 Northern County also moved for summary judgment, contending that it fully
complied with its contractual duties owed Davalos under the insurance contract and
that it had the exclusive right to settle. 

 The facts regarding Northern County's and Davalos's actions are not in dispute. 
The parties do not even contend that the language in the contract is subject to two
different reasonable interpretations, and is, therefore, ambiguous. Coker v. Coker, 650
S.W.2d 391, 394 (Tex. 1983) (citing Skelly Oil Co. v. Archer, 163 Tex. 336, 356
S.W.2d 774, 778 (1962)). Thus, we may construe the meaning of the contract and
determine whether Northern County met its obligations thereunder as a matter of law. 
ACS Investors, Inc. v. McLaughlin, 943 S.W.2d 426, 430 (Tex. 1997) (citing
Friendswood Dev. Co. v. McDade Co., 926 S.W.2d 280, 282 (Tex.1996)); Westwind
Exploration, Inc. v. Homestate Sav. Ass'n, 696 S.W.2d 378, 381 (Tex.1985).

 The Texas Supreme Court decided on issues involving construction of
unambiguous contracts in several instances. See Myers v. Gulf Coast Minerals Mgmt.
Corp., 361 S.W.2d 193 (Tex. 1962) (holding that if it determined that the contract
provision is ambiguous, interpretation of the unambiguous language is also a question
of law); State Farm Fire & Cas. Co. v. Vaughan, 968 S.W.2d 931(Tex. 1998) (holding
that a contract is not ambiguous when it is so worded that it can be given a certain
or definite legal meaning or interpretation). See also Forbau v. Aetna Life Ins. Co., 876
S.W.2d 132 (Tex. 1994) (holding that in construing a contact, the court's primary
concern is to give effect to the written expression of the parties' intent). Because we
believe the contract at issue here is unambiguous and because the material facts are
undisputed, the question of whether Northern County complied with its contractual
duties is a question of law. 

 We hold that Northern County did not comply with all its duties under the
contract and did not establish its right to judgment as a matter of law. Tex. R. Civ. P.
166(a).

CONCLUSION

 In reviewing all elements of both parties' motions for summary judgment, we
hold that the court properly granted summary judgment on the grounds of breach of
contract and violation of Texas Insurance Code article 21.55. 

 The judgment is hereby AFFIRMED.

 ______________________________

 J. BONNER DORSEY,

 Justice


Dissenting opinion by Justice Castillo.


Publish.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this 25th day of July, 2002.